(108 N. W. 801.)

---

THE HOOVEN & ALLISON COMPANY, A CORPORATION, v. A. J. WIRTZ AND C. H. WIRTZ, CO-PARTNERS AS WIRTZ BROS.

Opinion filed May 18, 1906.

**Sales — Written Warranties — Oral Warranties.**

1. A written contract for the sale of binder twine for use on harvesters, which in terms contains no warranties of quality, but contains a provision that no agreement, verbal or otherwise, not contained in the written contract, will be recognized unless approved by the vendor in writing, excludes oral warranties of quality made by the vendor's agent at the time of the sale and not thus approved, but does not exclude the warranties which arise upon such sales under sections 3976 and 3978, Rev. Codes 1899; the latter warranties resting not upon the contract of the parties, but arising solely by operation of law.

**Same — Inability to Inspect.**

2. Upon the facts of this case it is *held* that the twine purchased was not accessible to the examination of the buyer within the meaning of section 3978, Rev. Codes 1899, and that the vendee is not therefore precluded from relying upon the warranty given by that section.

**Same — Oral Warranty.**

3. Where a written order for twine, which thus excluded express warranties of quality, was given, but was countermanded before the delivery of the twine, and the sale was later effected by parol, and upon different terms, and upon the inducement of an oral warranty of quality by the vendor's agent, the oral warranty thus made is valid and may be urged in defense to an action on the note for the purchase price.

Appeal from District Court, Benson county; *Cowan, J.*

Action by the Hooven & Allison Company against A. J. Wirtz and C. H. Wirtz, partners as Wirtz Bros. Judgment for plaintiff. Defendants appeal.

Reversed.

*Scott Rex,* for appellant.

Mere written orders for goods which do not contain the terms of a complete contract will not exclude parol evidence of the contract actually made. Tufts v. Hunter, 65 N. W. 922; Aultman Miller & Co. v. Clifford, 56 N. W. 593; Head et al. v. Miller, 48 N. W. 195; Boynton Furnace Co. v. Clark et al., 44 N. W. 121; Palmer et al. v. Roath et al., 49 N. W. 590; Nat. Cash Register Co. v. Pfister et al., 58 N. W. 270; Arms v. Arms, 21 N. E. 147; Vaughn Co. v. Lighthouse, 71 N. Y. S. 799; Puget Sound Iron & Steel Works Co. v. Clemmons, 72 Pac. 465; 17 Cyc. 746, note 55.

The rule against parol evidence does not apply when the written instrument is only used collaterally for evidentiary purposes. 21 Am. & Eng. Enc. Law, 1085; 17 Cyc. 741; notes 6 and 9; Dean v. Nichols & Shepard Co., 63 N. W. 582; Pac. Coast Co. v. Dugger, 70 Pac. 523.

An implied warranty is not negatived by an express warranty on another subject, or by a provision that the writing contains the entire agreement. Blackmore v. Fairbanks, Morse & Co., 44 N. W. 548; Bucy v. Pitts Agrl. Works, 56 N. W. 541; Merriam v. Field, 24 Wis. 640; Giffert v. West, 37 Wis. 115; Alpha Check-Rower Co. v. Bradley et al., 75 N. W. 369; Houston Cotton Oil Co. v. Trammel, 72 S. W. 244; Carleton v. Lombard, Ayers & Co., 43 N. E. 422; Blackwood v. Cuttin Packing Co., 18 Pac. 248; Ideal Heating Co. v. Kramer, 102 N. W. 840.

Both express and implied warranties may exist. Standard Rope & Twine Co. v. Olmen et al., 83 N. W. 271; Gardner v. Winter et al., 78 S. W. 143; Fay Fruit Co. v. Talerico, 69 S. W. 196.

The same matter may constitute fraud if the representation is made either without knowledge or with knowledge of its falsity, or a breach of warranty if innocently made. Ross v. Mather, 51 N. Y. 108, 110; Hitchcock et al. v. Gothenberg Water Power & Irr. Co., 95 N. W. 638.

An action must be disposed of on appeal, upon the same theory as it was tried below. Evans v. Enloe et al., 26 N. W. 170; Perry et al. v. Beaupre, 50 N. W. 400; Bailey v. Scott, 47 N. W. 286; Noyes v. Brace, 70 N. W. 846; Hollister v. Donahoe, 92 N. W. 12; Moquist et al. v. Chapel, 64 N. W. 567; Perkins v. Fish et al.,

53 Pac. 901; Ryan v. Pac. Axle Co., 68 Pac. 498; Fifer v. Fifer, 30 N. D. 20, 99 N. W. 763, 766.

*McClory & Barnett* and *Turner & Wright,* for respondents.

The rule forbids to add by parol when the writing is silent as well as to vary where it speaks. Reeves & Co. v. Bruening, 13 N. D. 157, 100 N. W. 241.

YOUNG, J. The plaintiff brought this action to recover upon a promissory note for $9,850, executed by the defendants on July 20, 1904, and due 100 days thereafter. The defendants' answer admits the execution of the note and that it is not paid. The answer after alleging, "that the only consideration for the note sued on herein, was certain binding twine of plaintiff's manufacture, which was ordered and purchased of plaintiff by defendants," alleges by way of defense and counterclaim in substance (1) that the twine so ordered and purchased was manufactured by plaintiff and was sold by it as its own manufacture; that it was not accessible to the defendants for examination; that to induce the defendants to give the order and make the purchase, the plaintiff warranted the twine to be good merchantable binding twine, suitable for use in harvesters, warranting that the same was equal in quality to McCormick, Deering or Plymouth twine, and to the best in the market; that to plaintiff's knowledge, defendants relied upon said warranty, and upon the warranties implied by law; that said twine was found upon examination and use to be of inferior quality, knotty, lumpy, of uneven size, rotten, made of inferior and improper material, a large part not good merchantable twine, and not fit for use in harvesters; * * * that if it had been as represented, it would have been worth $9,850, the amount of the note. but as furnished, it was worth no more than $4,850, or $5,000 less than the agreed purchase price; (2) that after giving the order for the twine, defendants countermanded the order, and that thereafter in order to induce the defendants to purchase and accept the twine, plaintiff warranted the quality of the twine, the warranty being substantially that above alleged, and that defendant relied upon the warranty so made; (3) realleges the making of the foregoing warranties, and alleges "that the statements and representations aforesaid were untrue, and were known by plaintiff to be untrue when made, and that defendants have been damaged by the deceit in the sum of $5,000, the difference between the actual value of the twine and the contract price." At the close of the testi-

mony, a verdict was directed for plaintiff for $10,388, the full amount of the note and interest, less $50, which apparently was allowed as damages. Defendants have appealed from the judgment, and in a statement of case, specify a large number of errors of law occurring at the trial, as ground for reversal.

The errors assigned and argued in appellant's brief relate to the exclusion of testimony offered to sustain the allegations of their answer and to the direction of the verdict. Before considering these questions, it is necessary to state some preliminary facts.

The record shows that on July 8, 1904, the defendants, at the solicitation of one W. A. Mace, a traveling salesman for plaintiff, gave a written order for the twine in question, which, with the alleged approval of plaintiff endorsed thereon, is in words and figures as follows: "Order for Binder Twine, July 8th, 1904. The Hooven & Allison Co., Xenia, Ohio—Gentlemen: Please enter our order for binder twine as follows: 50,000 lbs. Standard, 9¾ cts. per lb.; 50,000 Standard Manila, 10¾ cts. per lb, f. o. b. Minneapolis. Shipment at your option any time between at once and 1904. Terms: Approved note to be given promptly on receipt of twine, due Nov. 1st, 1904. No agreement, condition, or stipulation, verbal or otherwise, save those mentioned in this order will be recognized unless approved or accepted in writing by the Hooven & Allison Co. Wirtz Bros., Leeds, N. D. W. A. Mace, Salesman. Approved: The Hooven & Allison Co., by S. C. Bennett. 7-11-04. * * * (This order subject to the approval of the Hooven & Allison Company and when accepted will be filled unless prevented by labor strikes, fire, unavoidable accident to mill machinery, or delays of transportation.)"

The note in suit was executed and delivered to W. A. Mace for plaintiff, at Leeds, on July 20, 1904. One carload of the twine was then standing on the track at Leeds, but no part of it had been unloaded or delivered; neither had it been examined by the defendants. At the trial, upon objection of plaintiff's counsel, all testimony offered by the defendant to prove that plaintiff's salesman, Mace, at the time he procured the order on July 8, 1904, orally warranted the quality of the twine as alleged in the answer, was excluded and the numerous rulings rejecting this testimony are assigned as error. In our opinion the court did not err in excluding this testimony. Its purpose was to show that the sale effected by the written order above set out, if it was in fact made under

that order, and this defendants deny, was accompanied by an oral warranty as to the quality of the twine, by Mace. To permit the defendants to prove and rely upon the alleged oral agreement, thus made, would violate the express condition in the written contract, that "no agreement, condition or stipulation, verbal or otherwise, * * * will be recognized unless approved or accepted in writing by the Hooven & Allison Company" and would impose upon the plaintiff an agreement, an express warranty made without authority and as to which the parties had stipulated the plaintiff should not be bound unless approved or accepted by it in writing. The language of the order is that "no agreement, condition or stipulation, verbal or otherwise, * * * will be recognized. * * *" That language is not ambiguous. It is an explicit affirmation that the plaintiff will not be bound either by verbal or written agreements and these include express warranties, unless they are approved in writing. It is not claimed that the alleged oral warranty of July 8, 1904, was approved. The excluded testimony contradicted the written order, and did not tend to establish a valid warranty and was, therefore, properly excluded.

Error is also assigned upon the court's rulings excluding the testimony offered to sustain the allegations of the answer, setting up an implied warranty, and the breach thereof. Counsel for defendants repeatedly offered to prove (1) that the twine for which the note was given was of plaintiff's manufacture; (2) that it had latent defects resulting from the process of manufacture, which were not disclosed to the defendants, and (3) that when it was sold to the defendants, it was not accessible for examination by defendants. We are agreed that the exclusion of this testimony was fatal error. The defendants' offers of proof brought the sale within the terms of sections 3976 and 3978, Rev. Codes 1899, which read as follows:

Sec. 3976. "One who sells or agrees to sell an article of his own manufacture, thereby warrants it to be free for any latent defect not disclosed to the buyer, arising from the process of manufacture, and also that neither he nor his agent in such manufacture has knowingly used improper materials therein."

Sec. 3978. "One who sells or agrees to sell merchandise inaccessible to the examination of the buyer, thereby warrants that it is sound and merchantable."

. The testimony offered to establish the implied warranties which are declared in the above sections, was apparently excluded upon the ground that it contradicted the terms of the written order. This was error. There is no conflict between the order and the implied warranties. The order does not state that the sale is made without warranties, neither does it state that the vendor warrants only against certain defects, thus excluding all other warranties, whether express or implied, as was the case in Dowagiac Mfg. Co. v. Mahon & Robinson, 13 N. D. 516, 101 N. W. 903. The order is silent on the subject of warranties, save that it provides in effect that express warranties will not be recognized unless approved by the plaintiff in writing. The warranties which are thus prohibited by the written order, are warranties by agreement, by contract, verbal or written, or express warranties. The prohibition does not extend to implied warranties which are not matters of agreement, but arise by operation of law. "They are obligations which the law raises upon principles foreign to the actual contract. * * *" They are such as were implied at common law in case of sales under the circumstances stated in the statutes above quoted and do not depend upon the agreement of the seller. Hoe v. Sanborn, 21 N. Y. 563, 78 Am. Dec. 163; Kellogg Bridge Co. v. Hamilton, 110 U. S. 114, 3 Sup. Ct. 537, 28 L. Ed. 86. The order contains no provisions excluding such warranties, and the defendants were clearly entitled to rely upon them. In addition to the foregoing, the defendants offered to prove that the twine was of inferior quality, knotty, lumpy, of uneven size, rotten, made of inferior and improper material, and that a large part of it was not merchantable and not fit for use on harvesters, and that it was not worth to exceed the sum of $4,850. The evidence should have been received. There is no ground for claiming that the twine was, when sold, subject to inspection and that the defendants, therefore, assumed the risk of it being sound and merchantable. True, one car was on the track when the note was given, but an inspection even of this portion of the twine was not practicable. Had the defendants opened the car to inspect it, they would not have learned whether it was free from latent defects and was merchantable. The twine was put up in bales, each bale consisting of a number of balls. It would have been necessary to open each bale and unravel each ball. This was not only not feasible, but it would necessarily render the twine unfit for use. The law imposes no

such duty upon the purchaser of property of this character, and under the conditions which existed in this case. See 2 Story on Contracts, 834 and cases cited; also Merriam v. Field, 24 Wis. 640; Kellogg Bridge Co. v. Hamilton, 110 U. S. 114, 3 Sup. Ct. 537, 28 L. Ed. 86; and Jones v. Just, 27 L. J. Q. B. 89, L. B. 3 Q. B. 197. See, also, Cordage Co. v. Rice, 5 N. D. 432, 67 N. W. 298, 57 Am St. Rep. 563.

The error in excluding testimony to establish the warranties implied by sections 3976 and 3978, supra, requires a reversal of the judgment; but inasmuch as a new trial must be had, it will be necessary to refer to the second defense or counterclaim, in which defendants allege that the written order of July 8th was countermanded and in effect that the twine was purchased on July 20th, the day the note was given and that plaintiff's agent, Mace, at that time orally warranted the quality of the twine, substantially as he attempted to do on July 8th, when he secured the written order. .The exclusion of testimony offered to show this warranty is assigned and urged as error. It is manifest that if the written order of July 8th was in fact canceled, and the sale was in fact made on July 20th and accompanied by an oral warranty of quality, as defendants claim, no reason exists for denying them the benefit of this warranty, for in that event there was no written contract in existence prohibiting the agent from making it.

Inasmuch as we hold that in any event the defendants may rely upon the implied warranties, arising under sections 3976 and 3978, supra, and recoup for the breach, it is unnecessary to refer to the third defense or counterclaim, in which the defendants allege damages for deceit, further than to say that the measure of damages for the breach of the implied warranties, and of damages for the deceit, if such a counterclaim is maintainable, is in this case the same, to wit, the difference between the actual value of the twine as it was delivered, and the contract price, and it is so alleged in the answer, and the damages can be recouped but once.

For the errors above pointed out, the judgment will be reversed, and a new trial ordered. All concur.