# CASES

## ARGUED AND DETERMINED

### IN THE

# Supreme Court of South Dakota

## GUILLAUME v. FLANNERY.

A complaint, which alleges that plaintiff procured a loan of $4,-000, evidenced by a note secured by a mortgage, that he received $2,-000, the lender by agreement retaining $2,000 to..be paid to plaintiff when demanded, that the amount retained was not demanded during the lifetime of the lender, that defendant, as his administrator, has refused to credit the same on the indebtedness, that the amount retained is unpaid and due to plaintiff, states a cause of action entitling plaintiff to judgment for the amount retained.

It is competent for plaintiff, in an action against the administrator of a decedent, to testify concerning communications, he may have had with persons representing decedent.

A complaint, in an action against an administrator, alleged that plaintiff procured a loan for $4,000, evidenced by a note secured by a mortgage, that he received $2,000, the lender by agreement retaining $2,000 to be paid on demand, and that it had not been paid. **Held** that, as the action was one to enforce the collection of an indebtedness, the wife of plaintiff was a competent witness for him under Rev. Code Civ. Proc. § 486, providing that no person offered as a witness shall be excluded by reason of being a husband or wife of a party.

(Opinion filed, July 11, 1906.)

Appeal from Circuit Court, Union County. Hon. J. W. JONES, Judge.

Action by George Guillaume against James Flannery, administrator of Lenora La Belle, deceased. From a judgment granting insufficient relief, both parties appeal. Reversed and new trial ordered.

*Ericson & Stickney* and *F. E. Gill,* for plaintiff. *Thomas McInerny* and *H. M. Wallace,* for defendant.

HANEY, J. The allegations of the complaint are to the effect that the plaintiff procured a loan of $4,000, at Sioux City,

Iowa, on October 12, 1901, which was evidenced by a note payable three years after date, with interest at 5 per cent., and secured by a mortgage on real property in Iowa, owned by the plaintiff, other than his homestead, the mortgage having been signed by his wife and recorded in the proper county; that the plaintiff received $2,-000, the mortgagee by agreement retaining $2,000, to be paid to plaintiff whenever demanded; that the amount so retained was not demanded during the life of the mortgagee, who died intestate in this state, May 29, 1902; that the defendant is the administrator of her estate, and as such is the holder and in possession of such note and mortgage; that the amount retained by the decedent has not been credited upon such note, the defendant having refused upon demand to credit the same; that the plaintiff demanded payment which was refused, and on July 17, 1902, he duly presented his claim which was rejected by the administrator and county judge; and that the amount thus retained by the decedent is unpaid and due to the plaintiff with interest at 5 per cent. per annum. Wherefore he demands judgment for $2,000, with interest, or that defendant be required to indorse $2,000 upon the note as of the date of October 12, 1901, and for costs and disbursements. The answer in effect denies that decedent retained any portion of the loan. All other material allegations of the complaint are to be taken as true. At the close of the trial the cause was withdrawn from the jury without objection, and decided by the court, which found that the sum of $1,700 was retained, and concluded that the plaintiff was entitled to a judgment requiring the defendant to indorse the amount upon the note as of the date of October 12, 1901. Judgment having been accordingly entered, both parties moved for a new trial, and both appealed.

Defendant's contention that the complaint fails to state a cause of action is not tenable. The transaction which it discloses was one of frequent occurrence in the banking business, if not between individuals. Assuming its allegations to be true, plaintiff borrowed $4,000, leaving $2,000 on deposit with the person from whom the loan was made, to be paid upon demand of the depositor, and he was entitled to a judgment for the amount so deposited, with in-

terest according to the agreement of the parties. The plaintiff, called as a witness on his own behalf, testified. " 'I am the plaintiff in this action. Live in Sioux City. Have lived there about 23 years. After Oct. 12, 1901, up to the time of the death of Mrs. La Belle, I was not over in South Dakota, at Elk Point, or at her place. I did not see her at any time from October 12, 1901, up to the time of her death.' Plaintiff then asked witness: 'Q. You may state whether or not you had any communication with any person representing Mrs. La Belle, any agent or any one representing her, from the time, October 12, 1901, until the time of her death.' To which defendant objected as assuming something not in evidence; it not being shown that there was any representative of Mrs. La Belle, and for the further reason that this witness is not competent to testify to any transactions with the decedent, he being a party to the action, and being interested in the subject-matter, which objections were, by the court, overruled, to which ruling defendant then and there duly excepted. Witness then answered: 'No, sir.' " These objections were properly overruled, for the reason that it was competent for the plaintiff to testify concerning any communications he may have had with persons representing the decedent, and his silence might have given rise to the inference that there may have been such communications.

Testimony of plaintiff's wife strongly tending to prove the retention of $2,000, in place of $1,700, as found by the trial court, was excluded on the ground of her alleged interest in the subject of the action. In modifying the common-law rule which excluded as witnesses all persons interested in the result of the action, legislation has been so varied as to render the decisions in one jurisdiction of little value in any other. In this state, so far as applicable to the case at bar, the statute reads as follows: "No person offered as a witness in any action * * * shall be excluded or excused by reason of such person's interest in the event of the action; * * * or because such person is a party thereto; or because such person is a husband or wife of a party thereto or of any person in whose behalf such action * * * is brought, prosecuted, opposed or defended, except as hereinafter provided; * * * (2) In civil actions

or proceedings by or against executors, administrators, heirs at law or next of kin in which judgment may be rendered or order entered for or against them, neither party nor his assignor nor any person who has or ever had any interest in the subject of the action adverse to the other party, or to his testator or intestate shall be allowed to testify against such other party as to any transaction whatever with or statement by the testator or intestate, unless called to testify thereto by the opposite party." Rev. Code Civ. Proc. § 486. Construing the pleadings as we do, they present but one issue, namely, whether the intestate held $2,000, or any other sum, payable to the plaintiff on demand. The action, therefore, should be regarded as one to enforce the collection of the indebtedness thus alleged to be existing; the plaintiff's wife having no more interest in the "subject of the action" than she would have in any ordinary action at law to recover upon a debt due her husband, and, as the statute expressly provides that her testimony shall not be excluded merely because she is the wife of a party, the rejection of her testimony in this instance was clearly erroneous. Were this an action to foreclose the mortgage unnecessarily mentioned in the complaint, or if its determination would in any manner affect the secured debt. entirely different questions would be presented which need not now be considered. The evidence thus excluded, if received, might or might not have satisfied the trial court that plaintiff was entitled to recover $2,000, as there was evidence tending to prove that only $1,700 were retained. With this issue undetermined, it would not be proper for this court to direct the entry of a judgment for the full amount claimed.

The judgment is reversed, and a new trial ordered.