## S. J. SORG et al. v. JAKOB BROST.

(150 N. W. 455.)

**Machinery — sale of — warranty — breach of — defense — contract avoided.**

1. Action for recovery of machinery sold by the plaintiff manufacturer to defendant dealer. The defenses are breach of written warranties avoiding executory contract of sale. *Held:* From the proof the property delivered was so defective in manufacture that it would not do the work for which it was manufactured and intended as warranted.

**Verdict — directing — judgment.**

2. As a verdict could have been directed for defendant on such ground, all errors assigned on proof and instructions are nonprejudicial, and the verdict for defendant should not be disturbed.

Opinion filed December 19, 1914.

An appeal from a judgment of the District Court of McLean County; *Hon. W. H. Winchester,* J.

Affirmed.

*A. C. Lacy,* for appellants.

The allegations are wholly insufficient to constitute a breach of warranty. Dowagiac Mfg. Co. v. Mahon, 13 N. D. 516, 101 N. W. 903; Esterly Harvesting Mach. Co. v. Berg, 52 Neb. 147, 71 N. W. 952; Hooven & Allison Co. v. Wirtz Bros. 15 N. D. 477, 107 N. W. 1078.

Allegations to the effect that the machinery was not constructed of proper materials, and that it would not work to the satisfaction of defendant's customers, are insufficient to show breach of warranty. Dowagiac Mfg. Co. v. Mahon, 13 N. D. 516, 101 N. W. 903; Esterly Harvesting Mach. Co. v. Berg, 52 Neb. 147, 71 N. W. 952.

Sufficient foundation for the introduction in evidence of letters purporting to have been written from defendant's business place, on his stationery, is laid when proof of authority to write the letters is made. Armstrong v. Advance Thresher Co. 5 S. D. 12, 57 N. W. 1131.

Mere statements of opinion as to the materials and workmanship of machinery, as contained in the amended answer, do not constitute a breach of warranty. Dowagiac Mfg. Co. v. Mahon, 13 N. D. 516, 101 N. W. 903; Hooven & Allison Co. v. Wirtz Bros. 15 N. D. 477, 107 N. W. 1078.

There is no evidence of compliance with the conditions of the warranty. Plano Mfg. Co. v. Root, 3 N. D. 165, 54 N. W. 924.

There is no evidence of defects sufficient to show breach of warranty, nor is the defendant in any position, by the showing made, to claim any breach of warranty. No compliance with the terms of the contract. J. I. Case Plow Works v. Niles & S. Co. 90 Wis. 590, 63 N. W. 1013; 22 Enc. Pl. & Pr. 44; Watson v. Roode, 30 Neb. 264, 46 N. W. 491; Evans v. Schriver Laundry Co. 57 Ill. App. 150.

There is an express warranty in writing. It shows the conditions of same. Therefore no implied warranty can be considered. McQuaid v. Ross, 77 Wis. 470, 46 N. W. 892; Smith v. Evans, 13 Neb. 314, 14 N. W. 406; J. I. Case Plow Works v. Niles & S. Co. 90 Wis. 590, 63 N. W. 1013.

The evidence as to the six drills is entirely insufficient to show any breach of warranty. J. I. Case Plow Works v. Niles & S. Co. 90 Wis. 590, 63 N. W. 1013.

*James T. McCulloch,* for respondent.

The authority vested in the courts to allow amendments to pleadings is conferred to promote the ends of justice, and the rule should be literally construed. Martin v. Luger Furniture Co. 8 N. D. 220, 77 N. W. 1003; Webb v. Wegley, 19 N. D. 606, 125 N. W. 562.

Goss, J.   This action is brought for the purchase price of farm machinery, sold by the plaintiff manufacturer to the defendant dealer, under the usual written machinery order and warranty.   The defense is breach of warranties, and because thereof a rescission of the executory contract of sale.   The written contract contains the usual reservation of title in plaintiffs until full payment.   The machinery in dispute consists of seven drills delivered defendant in the spring of 1907, only one of which was resold.

There are sixty-five different assignments of error in the brief.   It is unnecessary to discuss many of them.   Decision necessitates consideration of but three general questions:   (1) Did the trial court err in permitting amendments of the answer?   (2) If not, did the answer as amended set forth a defense grounded on breach of warranties? and (3) If so, does a breach of warranty relied on stand admitted, rendering all errors assigned nonprejudicial?

The first two may be treated together, for the better understanding of both.   The written order and warranty are made a part of the complaint.   The warranty reads:   "All goods sold on this contract are purchased and sold subject to the following warranty and agreement, which is made a part of the contract.   Any machine of our make is guaranteed 'to do good and efficient work for which it is intended when properly operated.'"   No other warranty or qualification thereof is contained in the written contract.   The original answer before amendment stated that the drills "were never accepted by defendant, for the reason that the same were not made and constructed of material to do the work for which they were intended, in this, that the castings were of inferior material, and the construction and material were such that said drills did not work to the satisfaction of defendant's customers; that the shoe was not properly thereon, and other defects which rendered said drills worthless and of no value whatever to this defendant in his trade; that defendant did all in his power to remedy the defects in said

machinery to enable him to sell and dispose of same, but was unable
to make said drills do the work for which they were intended on account
of said defects and defective materials of which they were constructed."
This may not charge a breach of warranty in the specific terms in
which the warranty was made, but plaintiff has raised this question
only by objections to testimony. The pleading is not to be examined,
as it would be under demurrer to the pleading, instead of to the evi-
dence. With all reasonable intendments taken in favor of the pleading,
the same must be held to shadow forth a defense for breach of the
written warranty, which warranty is pleaded in plaintiff's complaint
as the one under which the goods were sold. In the counterclaim, a
sufficient breach of warranty is pleaded in these words: "That said
grain drills . . . were constructed of inferior material and defective-
ly constructed, so that they were entirely unfit for the purpose for
which they were intended." This is a suit by the manufacturers.
They have expressly warranted that which, when not expressly negatived
by contract of sale, would be impliedly warranted by law. Comp.
Laws 1913, § 5980. Defendant has pleaded a breach of this warranty,
and also a breach of the manufacturer's warranty against the latent
defects in manufacture, also implied by law under § 5979, Comp. Laws
1913, unless negatived by the express provisions of the contract of sale.
The authorities cited under these sections of our 1913 Code, fully
sustain our conclusions. Consult notes in 33 L.R.A.(N.S.) 508; 27
L.R.A.(N.S.) 914 and 925; 29 L.R.A.(N.S.) 139; 15 L.R.A.(N.S.)
868; 31 L.R.A.(N.S.) 783; 34 L.R.A.(N.S.) 737; and 15 L.R.A.
(N.S.) 855. This is not a case, as was Dowagiac Mfg. Co. v. Mahon,
13 N. D. 517, 101 N. W. 903, where implied warranties were excluded
by express terms of the written contract of sale, but, instead, is in line
with Hooven & Allison v. Wirtz Bros. 15 N. D. 477, 107 N. W. 1078,
that implied warranties are not excluded from operation except ex-
pressly contracted against. The issue on the implied and express war-
ranties was thus presented by the pleadings before amendment, so that
all objections on that score were not well taken. During the trial,
defendant was permitted to amend the answer to allege that the drills
"were of no value whatever," and this is assigned as error. Plaintiff
strenuously contends that thereby his case was prejudiced by the allow-
ance of an amendment presenting an issue, to meet which he was wholly

unprepared, and which he had no reason to anticipate. The portion of the answer heretofore recited refutes this, as it gave plaintiff notice that defendant would assert that the drills were worthless, wherein it recites the defects "which rendered said drills worthless." But even conceding plaintiff's objections in this respect to have been well taken, and that it was error to permit the amendment, it was nonprejudicial, as will hereafter appear, because the sale was executory, not executed, and the goods admittedly deficient in that they would not, as manufactured and delivered, do the work for which they were intended. This gave defendant the right to rescind the contract of sale, title never having passed to him, and leave the goods the property of the plaintiff, as they have always been, and relieving defendant of his obligation to accept and pay for them by releasing him from his contract of purchase. Hence it is immaterial what was the value of the goods, and any error in the pleadings, proof, or instructions relative to their value is as nonprejudicial as it is immaterial.

As the breach of warranty because of defect in manufacture was for trial, an examination will now be had to determine whether there is any substantial conflict in the testimony on that question. Soon after the receipt of the drills, defendant wrote the following letter to plaintiffs under date of April 10, 1907: "In respect to the drill, I do not understand why the drill is such that we cannot get it to work, maybe the people that I sold them to do not understand how to set them up. They, of course, come to me and complain that if the footboard is on the lever which lifts the discs will not go down far enough to lift the discs. Could you give me an explanation as to why same is that way, so that I may tell them, and kindly do not delay, as the time is near when the machinery is needed." By letter of April 13, three days later, defendant company answers: "We find that in making careful investigation in this instance that the rear strap of the two straps holding the footboard at each end of the frame and also in the center, that each of these rear straps belong to our other style of disc construction and have been made 1 inch too long for your drills, and accordingly it will be necessary to bore a hole 1 inch shorter for holding the footboard up higher so that in raising the discs from the ground the discs won't strike against the footboard. It is quite unusual for us to make any mistakes in setting up and shipping our machines, but it seems we were unfortu-

nate in this instance, and we very much regret the mistakes above explained, but we are very glad that the footboard is one that can be very easily overcome in this way." Defendant replies thereto by letter of April 16: "Yours of the 13th inst. at hand, and contents were carefully noted. Since writing you my last letter the drill has got something that I do not understand, and therefore ask you to kindly explain to me why it is that I must take the drill to the blacksmith shop and have it fixed over, doing it in the following manner:—I made eight new braces and eight braces I had to cut off 1½ inch, also setting the discs about 4 inches to the front, and at this wise I could make it work; that is, I think it will work because I turned out just one drill and the others I can not well unless I fix them like the one I put out. Now the ground is frozen yet, and therefore the farmers are unable to do any seeding yet, but I suppose I will find out soon whether or not the drill is going to work. Now, will you not tell me what I can do in respect to the braces which I have to change. Also tell me who is going to stand good for the repair bill which the blacksmith will have against me." To this letter plaintiff replied, three days later, as follows: "Answering your favor of the 16th, we assure you we will not hesitate to allow for the slight expense of having new holes drilled in the rear straps for the footboard. We don't just understand that part of your letter in which you say, 'I made eight new braces and eight braces I had to cut off one and one half; also setting the discs about 4 inches to the front and in this wise I could make it work,' etc. This really should not have been done, but if you will follow the directions explained on our card of directions sent with the drill, we surely believe that you will have no trouble in properly setting up these machines. We inclose herewith illustrations duly calling attention to zigzagging the discs in front, which we trust you have attended to. We are expecting our Mr. Goggins to arrange for calling upon you within the next week or two, as he is now visiting all of our customers in the Dakotas for the purpose of better explaining to them the various features of our different constructions." Goggins came and refused to go out and see the drill that had been sold, contenting himself with saying that "he had no time to go out, and he said to operate the drill right and she won't break. And I (defendant) said that the drill was broke, and the men couldn't operate it, and he said he had no time

29 N. D.—9.

to go out." He explained to witness on one of the unsold drills "what to do with the drills" to make them work, but to no avail. Later the company was notified that the drill that had been sold had been returned, and that none of the drills had been accepted or would be paid for. The contract does not stipulate for their return to plaintiffs. They were all of the same kind except the one sold was an eighteen-hose while the balance were twenty-hose drills. All were of the same construction and material, and had the same defects in manufacture and design. All were sold under the same warranty, and all were admittedly incomplete and unfit for the use for which they were manufactured. And from the evidence this defective condition on delivery was not remedied. Nor was it waived, nor is it claimed to have been waived. Had these drills arrived without driving shafts or wheels, no one would contend that defendant would be obliged to receive them as complete when they were not. The same is no less true where admittedly from faulty design the discs could not be raised out of the ground without radical change, to supervise or remedy which the company's agent was sent, but did nothing. The company's own letters admit all this, and shift upon them the burden of making that right which was wrong, and bringing forth proof that they have done so, and thus fulfilled the contract as to the goods delivered being suitable for the purpose for which they were manufactured and delivered. The proof is that they did nothing, and that nothing further was done in the matter. The inevitable conclusion is that from the uncontroverted testimony, the letters of the defendant company, and the admitted facts, a recovery is sought for defective machinery delivered. The court could and doubtless would have directed a verdict for defendant on this ground, had it been called to its attention. This conclusion renders unnecessary an examination into the court's instructions, as well as all objections taken to the admission of proof. No valid objection could be urged against the letters quoted from, and which are not explained, and in fact not susceptible of contradiction. The judgment for the defendant on these issues is affirmed, with costs of the appeal.