[File No. 6817.]

INTERNATIONAL SHOE COMPANY, a Corporation, Appellant, v. RIKA A. HAWKINSON, and Rika A. Hawkinson as Administratrix of the Estate of A. L. Hawkinson, Deceased, Respondent.

(10 NW(2d) 590)

Opinion filed July 24, 1943.

*George A. Soule* and *Leland J. Smith,* for appellant.

*J. E. Hendrickson* and *Roy K. Redetzke,* for respondent.

BURKE, J. This is an action upon a merchandise account. The pleadings originally named Rika A. Hawkinson and A. L. Hawkinson as parties defendant. Before the trial A. L. Hawkinson died and Rika A. Hawkinson as administratrix of his estate was substituted as a defendant in his stead. Trial of the action resulted in a judgment against Rika A. Hawkinson, personally, and a judgment of dismissal in favor

of Rika Hawkinson as administratrix of the estate of A. L. Hawkinson. Plaintiff has appealed from an order denying a new trial of the action against the personal representative of A. L. Hawkinson.

The undisputed facts disclose that Rika Hawkinson and one A. D. Kuhne, some time prior to March 31, 1939, had entered into a partnership for the purpose of operating a retail shoe store under the name of Kuhne Shoe Department. In its complaint the plaintiff alleged that A. L. Hawkinson was also a member of the partnership and that the partnership was indebted to the plaintiff on account of an unpaid balance due for merchandise sold and delivered to the partnership. The separate answer of Rika Hawkinson, as administratrix, denied that A. L. Hawkinson had ever been a member of the partnership or that he was indebted to the plaintiff upon any account. Two issues were thus before the trial court. Was the partnership indebted to the plaintiff? And if so, was A. L. Hawkinson a member of the partnership?

Most of the testimony offered by the plaintiff to support its contentions upon these issues was excluded from the record upon the ground that the witnesses from whom the facts were sought to be obtained were not competent to testify thereto under the provisions of § 2 of chapter 189, Laws of North Dakota 1929.

All but one of the thirty-one specifications of error relate to the rulings of the trial court in this regard. The applicable statute is as follows: "In civil action or proceeding by or against executors, administrators, heirs at law or next of kin in which judgment may be rendered or ordered entered for or against them, neither party shall be allowed to testify against the other as to any transaction whatever with or statement by the testator or intestate, unless called to testify thereto by the opposite party; and where a corporation is a party in proceedings mentioned in this section, no agent, stockholder, officer or manager of such corporation shall be permitted to testify to any transaction had with the testator or intestate. But if the testimony of a party to the action or proceeding has been taken and he shall afterwards die and after his death the testimony so taken shall be used upon any trial or hearing in behalf of his executors, administrators, heirs at law or next of kin, then the other party shall be a competent witness as to any and all matters which the testimony so taken relates; provided,

further, that in any action or proceeding by or against any surviving husband or wife touching any business or property of either, or in which the survivor or his or her family are in any way interested, such husband or wife will be permitted, if they shall so desire, to testify under the general rules of evidence as to any or all transactions and conversations had with the deceased husband or wife during their lifetime touching such business or property."

The excluded testimony may be classified as follows:

1. Testimony by officers or agents of the plaintiff as to transactions had by the plaintiff with the Kuhne Shoe Department, there being one admitted member of that partnership living and it being alleged that A. L. Hawkinson, deceased was also a partner thereof during his lifetime.

2. Testimony by the official court reporter as to certain admissions which were claimed to have been made by the deceased A. L. Hawkinson in his testimony in a former proceeding in court.

3. Testimony by agents of the corporation as to correspondence between the plaintiff and the deceased A. L. Hawkinson.

4. Testimony by Rika Hawkinson, administratrix, when called by an adverse party.

In the first classification is included the testimony and exhibits by which the plaintiff attempted to prove the ordering of merchandise by the Kuhne Shoe Department, the acceptance of the order, the shipment of the merchandise by the plaintiff, its receipt by the Kuhne Shoe Department and the failure of the Kuhne Department to make payment therefor. This testimony was excluded in the case against the representative of A. L. Hawkinson on the ground that the witnesses, being agents of the plaintiff, were incompetent to testify to any transactions which would give rise to a legal liability to the plaintiff on the part of A. L. Hawkinson even though the transactions had not been undertaken with A. L. Hawkinson directly. We think this was an improper extension of the statutory rule above set forth. "The object and purpose of the statute is to guard against the temptation to give false testimony in regard to the transaction in question on the part of the surviving party and further to put the two parties to a suit upon terms of equal-

ity in regard to the opportunity of giving testimony." Jones, Commentaries, 2d ed, p 4249.

In the case of St. John v. Lofland, 5 ND 140, 64 NW 930, Judge Corliss, writing the opinion of the court, stated: "We regard it as a sound rule to be applied in the construction of statutes of the character of the one whose interpretation is here involved, that they should not be extended beyond their letter when the effect of such extension will be to add to the list of those whom the act renders incompetent as witnesses." We do not think that either the spirit or the letter of the statute would be violated by permitting the plaintiff to testify to transactions with a partnership in a suit against the representative of a deceased partner when such transactions were had directly with the other partners. The admission of plaintiff's testimony upon these matters would not result in any inequality in regard to the opportunity to give testimony. Nor were the transactions with Mrs. Hawkinson and Mr. Kuhne transactions with the deceased within the meaning of the statute even though they may result in casting a legal liability upon him. 70 CJ 329; Alabama Gold L. Ins. Co. v. Sledge, 62 Ala 566. See also Hutchinson v. Cleary, 3 ND 270, 55 NW 729; Guillaume v. Flannery, 21 SD 1, 108 NW 255; note 7 LRA (NS) 684.

The plaintiff attempted to prove by the testimony of the court reporter that the deceased had, while testifying in another proceeding in court, admitted writing a letter in which he stated that he was a partner in the Kuhne Shoe Department. The letter was addressed to the plaintiff. This testimony was excluded upon the ground that it was barred by the following statutory provision: "But if the testimony of a party to the action or proceeding has been taken and he shall afterwards die and after his death the testimony so taken shall be used upon any trial or hearing in behalf of his executors, administrators, heirs at law or next of kin, then the other party shall be a competent witness as to any and all matters to which the testimony so taken relates." The trial court held that the foregoing language by inference prohibits the reception of the previously taken testimony of a deceased person in an action to which his personal representative is a party unless such testimony is offered by the personal representative.

This provision of the statute relates solely to testimony taken in the

proceeding or action in which it is sought to be introduced. It has no application here. The question which was put to plaintiff's witness referred to testimony given by the deceased in another action. In this connection the attorney for the plaintiff stated to the court, "I am not offering the testimony. I am asking Mr. Staples (the witness) to look at the notes he made at that time and to refresh his memory and then to tell us whether or not, or what the fact was as to what Mr. Hawkinson said at that time relative to the writing of this letter. Anyone who heard him testify, and who is not under the restraint of the statute or who heard him make an admission that he wrote the letter, could, as I understand it, testify to it." The understanding of the attorney for the plaintiff is correct. The court reporter was a competent witness and the evidence was competent as an admission against interest. 31 CJS, Evidence, § 300 subsec. a, p 1069.

The third classification of rejected testimony is that in which officers of the plaintiff corporation attempted to relate the details of a correspondence carried on between the plaintiff and the defendant A. L. Hawkinson as a foundation for the reception of certain letters in evidence. It was claimed by plaintiff that these letters were the basis of its extension of credit to the Kuhne Shoe Department. It was proper to exclude this testimony. The statute expressly declares that officers and agents of a corporation shall be incompetent to testify to any transactions had with a deceased person in an action in which the corporation and the representative of the deceased are adverse parties. Upon this phase of the case the only question is whether testimony as to the mailing to, and the receipt of letters from, the deceased person constitutes testimony as to transactions had with the deceased person. In Frink v. Taylor, 59 ND 47, 228 NW 459, this court held that " 'transactions' embrace every variety of affairs which conforms to the subject of negotiations, interviews, or actions between the parties, and include every method by which one person can derive impressions or information from the conduct, condition or language of another." This definition is broad and clearly includes the details of a correspondence such as plaintiff's agents sought to relate.

The fourth classification of rejected testimony is that which plaintiff attempted to elicit from decedent's administratrix. It is unneces-

sary to set forth specifically the nature of this testimony for the reason that chapter 189, supra, expressly removes the disqualifications of the parties, in actions such as this when either party is called upon to testify by his adversary. Mrs. Hawkinson, the defendant administratrix, was called upon to testify by the plaintiff. In such circumstances she was a competent witness for all purposes. Frink v. Taylor, supra.

Defendant argues at considerable length the contention that plaintiff did not properly perfect the record for appeal by making offers of proof specifically setting forth what it had hoped to prove by the rejected testimony and for that reason this court is not now in position to say that the errors in rejecting testimony were prejudicial. This contention is without merit. Most of the testimony was by way of depositions. The entire depositions containing both the questions and answers were offered in evidence. The trial court has certified the depositions and exhibits mentioned therein to this court as a part of the statement of the case, identifying them as the depositions and exhibits referred to in the transcript. The situation is substantially the same as if the answers had been given and thereafter excluded from the record. In such a case no separate offer of proof is necessary. 4 CJS Appeal and Error, § 291, p 583.

For the reasons stated the order is reversed and a new trial granted.

MORRIS, Ch. J., and CHRISTIANSON and BURR, JJ., concur.

NUESSLE, J., concurs in the result.