[File No. 6926]

INTERNATIONAL SHOE COMPANY, a corporation, Appellant, v. RIKA A. HAWKINSON, et al. and First National Bank & Trust Company of Fargo, as Administrator of the Estate of A. L. Hawkinson, deceased, Respondent.

(18 NW2d 761)

Opinion filed May 25, 1945

*George A. Soule* and *Philip B. Vogel,* for appellant.

*J. E. Hendrickson* and *Roy K. Redetzke,* for respondents.

BURKE, J.   Plaintiff brought this action against Rika Hawkinson and A. L. Hawkinson, individually upon an alleged partnership liability.   In its complaint the plaintiff alleged that the Kuhne Shoe Department, a copartnership was indebted to it in the sum of $2,189.38 upon a merchandise account and that the defendants Rika A. Hawkinson and A. L. Hawkinson were members of the copartnership.   The separate answer of Rika A. Hawkinson alleged payment of the account in full.   The answer of A. L. Hawkinson denied that he was a partner in the Kuhne Shoe Department and also alleged payment of the account.   Before the trial of the action A. L. Hawkinson died and Rika A. Hawkinson, as administratrix of his estate was substituted in his stead as a party defendant.   At the first trial of the case the defendant Rika A. Hawkinson, administratrix succeeded in having excluded from the evidence, all testimony which tended to establish A. L. Hawkinson's connection with the Kuhne Shoe Department or its transactions with the plaintiff.   This testimony was not excluded because of its lack of relevancy or probative value but solely upon the ground that it was incompetent under the statute relating to the competency of testimony in suits against the personal representatives of deceased persons.   ND Rev Code 1943, § 31–0103.   As a result of this failure of proof, the case was dismissed as to Rika A. Hawkinson, administratrix, at the close of plaintiff's case.   The trial then proceeded against Rika A. Hawkinson individually with the result that the jury resolved the disputed issues of fact in favor of the plaintiff and rendered a verdict for the full amount demanded in the complaint.   Judgment was entered against Rika Hawkinson, individually in accordance with the verdict and no appeal was taken from that judgment.

Subsequently the plaintiff moved for a new trial in the case against Rika Hawkinson, administratrix, upon the ground that the trial court had erred in excluding certain classes of testimony from the evidence. This motion was denied and an appeal was taken to this court from the

order denying the motion. Upon that appeal we granted a new trial of the case against Rika Hawkinson, administratrix. 72 ND 622, 10 NW2d 590.

Before a retrial of the case, the First National Bank and Trust Company of Fargo was appointed administrator of the estate of A. L. Hawkinson and substituted as defendant in place of Rika A. Hawkinson, administratrix. The second trial resulted in a verdict and judgment for the plaintiff for the full amount of plaintiff's claim. The defendant thereupon moved the trial court for judgment notwithstanding the verdict or in the alternative for a new trial. After a hearing upon the motion the trial court ordered a new trial. This appeal is from that order.

Upon the motion for a new trial respondent argued ten separate assignments of error. The trial court granted the motion upon a single assignment but all of the asserted errors are urged again in this court as reasons for the correctness of the trial court's ruling.

First it is claimed that there was no foundation for the reception in evidence of certain depositions offered by the plaintiff, in that there was no proof that the witnesses whose depositions were offered were not residents of Cass County. Section 31-518, ND Rev Code 1943, provides: "When a deposition is offered to be read in evidence in a civil action or proceeding pending in this state, it must appear to the satisfaction of the court that for some cause specified in § 31-501 the attendance of the witness cannot be procured."

Section 31-501 provides: "The deposition of any witness may be used in a civil action or proceeding pending in this state only when: 1. Such witness does not reside in or is absent from the county where the action or proceeding is pending or is sent for trial by change of venue; . . .. ."

With respect to this specification it is sufficient to say that the witnesses whose depositions were received in evidence were residents of St. Louis, Missouri, and this fact was apparent upon the face of the depositions. There is no statutory requirement that the residence of such witnesses must be proved by independent testimony before their depositions were offered in evidence. We think it was perfectly proper for the trial court to satisfy himself that the witnesses were not residents of Cass County by reference to the depositions themselves.

In the second place it is contended that there is no proof in the record of plaintiff's corporate existence. Plaintiff's verified complaint alleged its corporate existence. Defendant's answer does not deny it except insofar as the general denial contained in paragraph one thereof may relate to this allegation. Section 10–1402, ND Rev Code 1943, provides: "In an action by or against a corporation, the plaintiff need not prove the existence of the corporation upon the trial unless the answer is verified and contains an allegation, positive and not on information and belief, that the plaintiff or the defendant, as the case may be, is not a corporation." Thus under the pleadings plaintiff was not required to prove its corporate existence.

Specifications of error three to seven inclusive relate to the reception of testimony which is asserted to be incompetent under the provisions of § 31–0103, ND Rev Code 1943, which reads as follows:

"In any civil action or proceeding by or against executors, administrators, heirs at law, or next of kin in which judgment may be rendered or ordered entered for or against them, neither party, except as provided in § 31–0104, and § 31–0105, shall be allowed to testify against the other as to any transaction whatever with or statement by the testator or intestate, unless called to testify thereto by the opposite party. Where a corporation is a party to any proceeding mentioned in this section, no agent, stockholder, officer, or manager of such corporation, shall be permitted to testify to any transaction or conversation had with the testator or intestate."

Upon the former appeal of this case we held this statute did not prohibit the reception of testimony by officers or agents of the plaintiff as to transactions with the Kuhne Shoe Department when such transactions were had directly with partners other than A. L. Hawkinson but that it did bar testimony as to transactions with A. L. Hawkinson, personally. The trial court granted the motion for a new trial upon the ground that some of the testimony received in evidence related to transactions between the officers and agents of the plaintiff and A. L. Hawkinson personally. In its holding that the reception of the particular testimony set forth in its opinion was error, we think that the trial court was correct. However, in view of the entire record in the case it is our opinion that the error was not prejudicial for the reason

that the facts in support of which the challenged testimony was offered were otherwise conclusively established by competent evidence. The question to which this testimony related was whether A. L. Hawkinson had been a partner either actual or ostensible, of the Kuhne Shoe Department. Upon this question it was shown by competent evidence that the Kuhne Shoe Department, acting through one of its partners Mr. A. D. Kuhne, sought to purchase a stock of shoes from the plaintiff on credit in August 1938. The officers of the plaintiff notified Mr. Kuhne that the credit could not be extended unless they had a written acknowledgment from Mr. Hawkinson that he was a partner in the Kuhne Shoe Department. Thereafter Mr. Hawkinson wrote the plaintiff as follows:

> Fargo, North Dakota
> August 19, 1938

Peters Shoe Co.
St. Louis, Mo.
Gentlemen:

### Mr. A. F. E. Baumgartner.

We want to inform you that we have formed a partnership as follows, A. D. Kuhne, Rika A. Hawkinson and A. L. Hawkinson for the purpose of conducting a Shoe Store in Fargo.

Mr. Kuhne will be in active charge of the Business and he will have entire control of the management. We believe Mr. Kuhne is one of the best Shoe operators in this section, in fact he has proven that.

We are starting out with paid up capital, no borrowed money, one of the best locations in Fargo and a Store that will be a credit to this community.

We are sure that our new venture will prove to be to our mutual benefit, and that our Business relation will be very pleasant.

> Yours very truly,
> A. L. Hawkinson, (Signed)
> 1336 3rd Avenue South
> Fargo, North Dakota

P. S. Any communications
that you may send to me
please address as above.

The writing and the mailing of this letter to the plaintiff were established by testimony which Mr. Hawkinson, himself, had given at a proceeding preliminary to the first trial. Immediately upon receipt of this letter the plaintiff authorized the necessary credit to the Kuhne Shoe Department and made shipment of the merchandise ordered by Mr. Kuhne for the partnership. It is the unpaid purchase price of this merchandise which is the subject of this action. Section 45-0212, ND Rev Code 1943 provides:

"Any one permitting himself to be represented as a partner, general or special, is liable as such to third persons to whom such representation is communicated who on faith thereof give credit to the partnership."

Here Mr. Hawkinson admitted that he represented himself as a partner and that he communicated that representation to the plaintiff. That plaintiff extended credit on the faith of the representation is apparent from the fact that it refused credit until it had written assurance that Mr. Hawkinson was a partner and immediately extended the required credit when it received that assurance. These facts were established by testimony which was fully corroborated by contemporaneous uncontroverted correspondence between the plaintiff and the Kuhne Shoe Department. They admit of no reasonable inference other than that the particular credit here involved was extended upon the faith of Mr. Hawkinson's representations. The admission of some incompetent evidence which tended to establish the same facts was therefore not prejudicial. Sorg v. Brost, 29 ND 124, 150 NW 455.

We shall next consider the assignment that it was error for the trial court to hold that the judgment entered at the trial of the case against Rika Hawkinson was conclusive as to the question of partnership liability in this action and that under the pleadings the only question for determination at the retrial of the case against the estate of A. L. Hawkinson was whether A. L. Hawkinson had been a member of the partnership known as the Kuhne Shoe Department. Stated otherwise, the question is, could the defendant urge as a defense in this action, that the account sued on had been paid by the partnership.

In this state a partnership liability upon a contract is joint and not joint and several. Continental Supply Co. v. Syndicate Trust Co. 52 ND 209, 202 NW 404. Ordinarily where a partnership obligation is considered joint, a judgment against some of the members of a partner-

ship will bar an action against the other members upon the same liability for the reason that the claim is merged in the judgment. 47 CJ 1014; 40 Am Jur 444, Partnership, § 451. A strict adherence to this rule requires a plaintiff, who has sued two parties as partners and whose action has been dismissed as to one, to elect whether he shall proceed against the partner remaining in the case or appeal from the judgment of dismissal. In jurisdictions where this rule applies a plaintiff who proceeds against the remaining defendants in a joint action after nonsuit has been granted as to some is held to abandon the suit as to those defendants in whose favor the nonsuit was granted. Vandiver v. Georgia R. & Power Co. 38 Ga App 59, 143 SE 455; 27 CJS 263.

In this state, however, there are statutory provisions which, though they preserve the joint character of partnership liability, permit proceedings to make a judgment obtained against some members of a partnership upon a partnership liability, effective against other members of the partnership who were not parties to the original action.

The applicable statute is subdivision 4 of § 32–3001 of ND Rev Code 1943. It is as follows:

"Section 32–3001

"Section 1. . . .

"Section 2. . . .

"Section 3. . . .

"Section 4. If the name of one or more partners for any cause shall have been omitted in any action in which judgment shall have been entered against the defendants named in the summons, and such omission shall not have been pleaded in such action, the plaintiff, in case the judgment therein shall remain unsatisfied, may recover by action of such partner separately upon proving his joint liability, notwithstanding he may not have been named in the original action, but the plaintiff shall have satisfaction of only one judgment rendered for the same cause of action."

We think the proceeding under subdivision 4, supra, is upon the judgment. This conclusion follows from the fact that action may be maintained under its provisions only in case the plaintiff has been successful in obtaining judgment against some of the debtors who were jointly liable. In other words a judgment in favor of some of several partners wipes out the claim as to all. Thus it appears that the claim

itself is merged in the judgment but the right of a successful creditor to proceed upon a favorable judgment is preserved. While this action was not brought under the provisions of subsection 4, supra, we are satisfied that the circumstances in which the retrial of the action was had brings the trial within its provisions since all of the conditions precedent to the bringing of an action under this section, existed at the time of the commencement of the new trial. This statute declares "that in case the judgment" (against partners originally sued) "shall remain unsatisfied the plaintiff may recover by action" of the partner (who was not named in the original action) "upon proof of his joint liability." As we read this language it means that the plaintiff may establish a prima facie case in such an action by proving the judgment, the fact that it remains unsatisfied and facts which tend to establish the relationship which would make the defendant jointly liable on the judgment. It is also clear that defendant may contest the plaintiff's proof of the relationship which would make him jointly liable with the defendants against whom judgment had been previously entered. He may also challenge the judgment or raise any defense which is personal to him. May he also contest the claim upon which judgment was entered? We think not. The statute states plaintiff may recover by action from the defendant "upon proving his joint liability." Unless the words "upon proving his joint liability" restrict the issues triable in the action, they are pure surplusage. If the defendant were to be permitted to relitigate the issues arising out of the claim against the partnership it would have been sufficient for the legislature to say that the plaintiff might recover by action against the defendant. If we are to give the words "upon proving his joint liability" any effect at all we must say that they limit the issues triable in the action to the question of joint liability, and such other issues which are purely personal to the defendant. We therefore hold that the trial court's ruling in this regard was correct.

The appellant also urges that there was a prejudicial variance between the form of the verdict submitted to the jury by the court's instructions and that returned by the jury. The court's instructions were as follows: "Two forms of verdict will be submitted to you. One, shall you find that the plaintiff has shown to your satisfaction by a fair preponderance of the evidence that Mr. A. L. Hawkinson was a member

of the partnership, will substantially read: 'We the jury, empanelled and sworn to try the above entitled action, find that the defendant A. L. Hawkinson was a member of the partnership as alleged in the complaint.' Your foreman will sign it and you will date it. Shall, you, however, find that Mr. A. L. Hawkinson was not a member of the partnership, then you will find another form of verdict which will substantially read: 'We, the jury, empanelled and sworn to try the above entitled action, find in favor of the defendant for a dismissal of this case.' "

The verdict returned by the jury was as follows: "We, the jury, empanelled and sworn to try the above entitled action, do find the Defendant, A. L. Hawkinson, was a member of the partnership and assess the plaintiff's damages at the sum of Twenty-one Hundred Eighty-nine Dollars and Thirty-Eight Cents ($2189.38) with legal interest thereon from the 29th day of November 1939."

Prior to the submission of the case, the jury had been fully and fairly instructed as to the facts upon which their conclusion that A. L. Hawkinson was a member of the partnership must rest. Under the trial court's ruling and as previously set forth in this opinion the amount for which the verdict should have been rendered was not at issue. If the defendant, A. L. Hawkinson, had been a member of the partnership, the Kuhne Shoe Department, it followed that plaintiff was entitled to judgment for the full amount sued for. This was the amount set forth in the verdict. It was within the power of the court to require a general verdict with special findings. Oakland v. Nelson, 28 ND 456, 149 NW 337, 7 NCCA 661; Redlinger & H. Co. v. Parker, 62 ND 483, 243 NW 792. It would not have been error therefore for the court to have submitted to the jury the verdict which was returned. In the circumstances of this case we cannot see how the defendant was prejudiced by the fact that there was a variance between the verdict they were informed would be submitted to them for consideration and that which they actually received and thereafter returned into the court. It was not such a variance which, in our opinion, would tend to confuse or mislead the jury and no probable theory of prejudice is advanced by defendant's counsel.

Since we find no reversible error in the record, the order of the trial court granting a new trial is reversed.

CHRISTIANSON, Ch. J., and NUESSLE, BURR and MORRIS, JJ., concur.