JOHN N. BEACH & COMPANY, plaintiff in error, *vs.* BRANCH, Sons & COMPANY, defendants in error.

1. It is error for the court to read and refuse the defendants' requests to charge in the presence of the jury, and to accompany the refusal with such remarks as were calculated to prejudice the defense.

2. An action by the purchaser of cotton against the seller, to recover for the defective quality of the article sold, must be brought within four years of the discovery of the defect.

3. If the plaintiff was not in fact the purchaser, but was simply an agent to whom the cotton was consigned, to be sold on commission, and if after it was sold, and the account between him and defendants settled by draft, he was compelled to refund to the purchaser on account of the false packing of some of the cotton, he can recover therefor from the defendants, but reclamation must be made according to the custom of the business, within such reasonable time as would enable the defendants to reclaim from the parties from whom they purchased. What would be a reasonable time would be for the jury to decide, under the charge of the court.

Charge of court. Principal and agent. Statute of limitations. Before Judge GOULD. City Court of Augusta. May Term, 1876.

The following, taken in connection with the decision, sufficiently reports this case:

The court was given a number of requests to charge by defendants' counsel. He charged the first, which was as follows: "Agents are bound for the utmost good faith to their principals, and if by neglect of duty the principal cannot recover for money advanced by such agent, then the agent cannot recover from the principal." He read the other requests in the hearing of the jury, but refused to charge them, remarking that some of them were good law, but he did not see how they were applicable to this case.

BARNES & CUMMING, for plaintiff in error.

FRANK H. MILLER, for defendants.

WARNER, Chief Justice.

It appears from the record in this case that John N. Beach, of Liverpool, England, doing business under the name of John N. Beach & Company, brought his action of assumpsit against Branch, Sons & Company, in the city court of Augusta. Defendants acknowledged service December 18th, 1874. At the first term they pleaded the general issue, and at the May term, 1876, when the case was tried, they filed additional pleas, viz: statute of limitations; that loss was caused by plaintiff's own negligence, as agent; that he committed the most fault, and failed to furnish defendants, in a reasonable time, with evidence to protect themselves.

The material facts are these: Defendants shipped in January, 1870, by the ship Victory, from Savannah, ninety-three bales of cotton to plaintiff, in Liverpool. The cotton was to be sold on account of shippers, and plaintiff was to receive two and a half per cent. for commissions, of which two and a half per cent. commissions one per cent. was to be returned to defendants. The cotton was sold in Liverpool on contract of February 1st, 1870, and delivered April 13th, 1870, and the account between the plaintiff and defendants was settled by

draft of plaintiff, duly honored by defendants, on or about June 11th, 1870, drawn May 20th, 1870.

After the draft was drawn, and account rendered, to-wit May 30th, 1870, ten bales of cotton were returned by the purchaser to Mr. Beach, in Liverpool, as "false packed," the false packing consisting in the admixture of inferior with good cotton, the ten bales having been paid for at the price of good cotton. The fact of false packing was found to be true by arbitrators, under the custom of Liverpool, who, in pursuance of the custom, rendered an oral award to that effect.

Thereupon, Chambers, Holder & Company, the Liverpool brokers employed by Mr. Beach to sell the cotton, took back the ten false packed bales, refunded the price to the purchaser, May 31st, 1870, re-sold the ten bales at the market price, July 30th, 1870, and notified Mr. Beach accordingly. This notification was received by him about July 30th, 1870. Beach was absent from Liverpool, in America, until June 30th, 1870, seeing defendants personally frequently. July 30th, 1870, he wrote the defendants a letter, which, after treating of other matters, at the end contained the following language: "There are ten bales of cotton, marked V. O. X., part of receipt by Victory, returned to us as false packed, which we have re-sold at six and a half, and will send account for same by first steamer."

This letter was duly received by defendants. Mr. Beach wrote no more on this subject; neither did defendants write to him asking any further information as to planters' marks, numbers, or other means of identification of the false packed bales.

Mr. Beach paid to Chambers, Holder & Company the deficit due them on the transaction, December 30th, 1870. The action was brought to recover from the defendants the amount of this payment, with interest, made by plaintiff to Chambers, Holder & Company.

The custom of Liverpool requires that reclamation by the purchaser for false packed cotton, should be made on the Liverpool seller within three months and ten days. There was

no evidence of a custom fixing the time within which re-clamation should be made on the American shipper.

Mr. Dunbar, a cotton merchant of Augusta, Georgia, of large experience, testified for defendants that sworn statements should be furnished of the facts upon which the reclamation was sought, and that without such statements he would pay no attention to the reclamation. He would not think it his duty, when he was notified in general terms that the cotton was deficient, to seek the particular facts of the deficiency. He would wait for the Liverpool man to furnish them.

Mr. Russell, also a cotton merchant of Augusta, of large experience, testified for defendants, that sworn statements ought to accompany the reclamation, but that if he were in-formed in general terms of a deficiency, he considered it his duty to seek from the Liverpool party making the reclama-tion, such facts as he needed for his own protection.

Mr. Thomas P. Branch, one of the defendants, testified that ninety-three bales of cotton were purchased from twelve or thirteen different person, and the plaintiff had not fur-nished him, up to the time of his testimony, with any suffi-cient information to enable him to say from what parties he had received the ten false packed bales. He said it was too late to make reclamation now on parties from whom defend-ants bought. Could have done so if proper information had been furnished by plaintiff. Never called on plaintiff for such information.

On the trial of the case, the jury found a verdict for the plaintiff for the sum of $463 64 with interest from the 30th of November, 1874. The defendants made a motion for a new trial on the several grounds therein set forth, which the court granted on the ground alone that it erred in reading the defendant's requests to charge the jury, in their hearing, and then refusing the same ; whereupon the plaintiff excepted.

The defendants also excepted because the court did not grant the new trial on all the grounds taken in the motion.

1. The court did not simply read and refuse the defendant's requests, but accompanied the refusal with such emphatic re-

marks as were calculated to prejudice the minds of the jury against the defendants' defense. The court, however, has corrected its own error in regard to that ground of the motion.

2. The motion for a new trial should also have been granted upon the ground that the case was not fairly submitted to the jury by the court, in its charge as to the law applicable thereto, so far as the defendants' rights were concerned. If the relation of vendor and vendee existed between the parties, as to the sale of the cotton, then there was an implied warranty on the part of the defendants that the cotton was a merchantable article, and that they knew of no latent defects in it at the time of the sale, undisclosed, and an action for a breach of that implied warranty on the part of the defendants, should have been brought by the plaintiff against them within four years from the time it was discovered the cotton was false packed, or the plaintiff's right of action would have been barred.

3. But if the relation of vendor and vendee did not exist between the parties in relation to the sale of the cotton, and the plaintiff was merely the agent of the defendants to sell the cotton in Liverpool, then it was the duty of the plaintiff, as such agent, within a reasonable time, after receiving notice that the cotton was false packed, to have notified the defendants, his principals, of that fact, and to have furnished them with sworn statements as to the condition of the cotton, according to the custom of the trade, so as to have enabled the defendants to seek indemnity from the parties from whom they purchased the false packed cotton. If the plaintiff, as the agent of the defendants, failed, for an unreasonable length of time, to give them notice that the cotton was false packed, or failed to furnish them with the customary evidence of that fact, (the more especially as the plaintiff promised to send an account for the same by the first steamer, in his letter of the 30th of June, 1870,) whereby the defendants were barred by lapse of time from recovering damages against the parties from whom the false packed cotton was purchased by them, then the plaintiff would not be entitled to recover. The

reasonableness or unreasonableness of the time within which the plaintiff acted in relation to the cotton, as above indicated, will be a question for the jury, under the charge of the court, and about which we express no opinion.

Let the judgment of the court below be affirmed.