## Copp v. Louisville & N. Ry. Co.

*(Circuit Court, E. D. Louisiana. April 21, 1892.)*

1. **LIMITATIONS—APPLICATION OF STATE STATUTES.**
   Under Rev. St. U. S. § 721, when congress creates a new right of action, without providing any limitation thereto, the state statutes of limitations apply, and are binding upon the United States courts.

2. **SAME—INTERSTATE COMMERCE—SUIT FOR DISCRIMINATION.**
   The right of action created by the interstate commerce act, (24 St. p. 380, §§ 3, 9,) in favor of the party against whom discrimination is made in the charges for the transportation of merchandise, comes within Rev. Civil Code art. 3536, providing a limitation of one year to actions for damages resulting from *quasi* offenses.

At Law. Action by Frank T. Copp against the Louisville & Nashville Railway Company to recover an amount paid for freight in excess of that paid by others for similar service. New trial granted.

*B. R. Forman*, for plaintiff.

*Bayne & Denegre*, for defendant.

BILLINGS, District Judge. The plaintiff has brought a suit under the act of congress known as the "Interstate Commerce Act," (24 St. U. S. p. 380, §§ 3, 9,) to recover the amount of freight paid by him to the defendant in excess of that paid to it by others for similar service. An exception was filed by the defendant, interposing the plea of the limitation or prescription in force under the statute of the state of Louisiana. The statute relied upon is Rev. Civil Code, art. 3536, which provides that "the following actions are also prescribed by one year: That for injurious words, whether verbal or written, and that for damages caused by animals, or resulting from offenses or *quasi* offenses." It is claimed by the defendant that this is an action for a *quasi* offense, and it is controlled by the state statute. Code Prac. art. 28, declares that "personal actions are grounded on four causes: Contracts, *quasi* contracts, offenses, and *quasi* offenses;" and article 32 further defines personal actions arising from *quasi* offenses to be when the ground of action is the injury done to another by one of those faults which are not considered as real crimes or offenses. It has not been questioned, and I think cannot be questioned, that the fault complained of by the plaintiff is included within the definition of "*quasi* offenses."

The question is whether this state statute of limitations applies to this action. The action arises from a law of congress against discrimination in the charges for the transportation of merchandise. Where there has been discrimination, congress has created a right of action in favor of the party against whom it has been made for the excess of the charge collected from him, as compared with that collected from others. It is to be observed that in the act of congress there is no limitation as to time, and that, unless the state statute applies, there is no limitation. On the other hand, the action is authorized in case of discrimination, with or without damage; and to that extent it is a statute in the nature of a statutory provision for an action to protect the interests of the public, *i. e.*, to secure a uniform rate of charge for the transportation of merchandise by common carriers, and giving an action even in case the party discriminated against had paid no more than the value of the service of transportation. Nevertheless it is a purely civil action, and, by denomination or definition, is within the meaning of the state statute of limitations. The question is whether section 721 of the United States Revised Statutes, being a portion of section 34 of the judiciary act of September 24, 1789, includes the limitation or prescription for actions known as "*quasi* offenses" contained in the Lousiana statute. In Angell on Limitations, § 24, the rule is laid down as follows:

"Under the 34th section of the judiciary act of 1789, the acts of limitations of the several states, where no special provision has been made by congress, form a rule of decision in the courts of the United States; and the same effect is given to them as is given to them in the state courts."

This passage from Angell is adopted by the supreme court as a correct statement of the law in *Hanger* v. *Abbott*, 6 Wall., at page 537. In *Townsend* v. *Jemison*, 9 How. 414, the supreme court quote approvingly that in the courts of the United States the law of the former governs, and say that "statutes of limitation, unless the plaintiff can bring himself within their exceptions, appertain *ad tempus et modum actionis institucndæ*, and not *ad valorem contractus.*" In *McIver* v. *Ragan*, 2 Wheat. 25, at page 29, Chief Justice MARSHAL says: "It would be going far to add to these exceptions;" *i. e.*, those exceptions made by the legislature. In *McCluny* v. *Silliman*, 3 Pet. 270, where the act of congress made it the duty of the registers of the land-office to enter, upon application, certain lands, and the action was brought against a register for not having entered lands upon the proper application of the plaintiff,—the action being an action upon the case, and the statute of Ohio (the suit was brought in the United States circuit court in the district of Ohio) limited to six years all actions upon the case,—the supreme court held that the plea setting up the state statute of limitations was a good plea. In that case one of the errors assigned was—

"That no statute of limitations of the state of Ohio, then in force, is pleadable in an action upon the case brought by a citizen of one state against a citizen of another, in the circuit court of the United States, for malfeasance or nonfeasance in office in a ministerial officer of the general government, and especially when the plaintiff's rights accrued to him under a law of congress."

In reply to this objection, the court, at page 277, say:

"Where the statute is not restricted to particular causes of action, but provides that the action, by its technical denomination, shall be barred, if not brought within a limited time, every cause for which the action may be prosecuted is within the statute."

In *Ross* v. *Duval*, 13 Pet. 45, the supreme court apply the statute of limitations of the state of Virginia to judgments rendered in the United States circuit courts. At page 60 the court say:

"If this, then, be a limitation law, it is a rule of property; and, under the thirty-fourth section of the judiciary act, is a rule of decision for the courts of the United States."

In *Michigan Ins. Bank* v. *Eldred*, 130 U. S. 693, 9 Sup. Ct. Rep. 690, it is reiterated, as the result of all the decisions of the supreme court, that the statutes of limitations were laws of the several states, and under the thirty-fourth section of the act of 1789, in the absence of special provision by congress, were binding upon the courts of the United States, as they would be upon the courts of the state in which the United States courts sit. In this case the supreme court of this state has held that the United States circuit courts had exclusive jurisdiction over the actions arising under the act of congress under which this action is brought. But I do not see that the exclusive jurisdiction of the United States courts affects the question presented here; for, if the statute would control the matter in the state courts in case they had jurisdiction, the statute is nevertheless the rule of decision. The binding force of the state statute of limitations upon the United States courts in cases where they have jurisdiction comes from section 34 of the judiciary act, and the statute made a rule of decision, in cases to which it applies, equally whether the state courts also have jurisdiction or not. The statute becomes a rule of property in the United States courts, if it would include a similar action in the state court. My conclusion is that the statute of limitation of the state applies to this case.

The motion for a new trial will therefore be granted.