EVANS & EVANS and HINES, SHUBRICK & FELDER, *contra.*

THOMPSON *v.* THE COMMERCIAL GUANO COMPANY.

1. Where a tenant sublets to another without the consent of the original landlord, the crop produced by the subtenant is, when it matures, under a special lien in favor of the landlord for the rent owing to him by the principal tenant, and if the subtenant in order to protect himself against the payment of double rent, where this step is rendered necessary by the default of the principal tenant, applies so much of his crop or its proceeds as amounts to the rent due from himself to the principal tenant to the payment of the rent due from the latter to the original landlord, the subtenant thus discharges his own rent obligation to the principal tenant.

2. After a subtenant has discharged himself in the manner above indicated from answering for rent to the principal tenant, the latter could not, by distress warrant or otherwise, compel him to pay rent or any part of it a second time, nor can the assignee of a non-negotiable promissory note given by the subtenant to the principal tenant do so, although such note was assigned before the crop matured and before the note became due. The note not being negotiable, the assignee thereof stands in the shoes of the payee, and while taking his rights must abide by his obligations, one of which was to protect the subtenant, the maker of the note, against liability to the original landlord. The act of Sept. 27th, 1883, touching the assignment of rent-contracts, does not enable the assignee to enforce a special lien for rent where the assignor himself could not have enforced it by reason of the crop being bound by a superior lien.    *Judgment reversed.*

November 20, 1893.

Distress warrant. Before Judge GAMBLE. Washington superior court. March term, 1893.

The Commercial Guano Company, upon affidavit of T. J. Orr as its agent, had issued a distress warrant for

rent against W. J. Thompson, who interposed a counter-affidavit. The judge directed a verdict for plaintiff, and defendant excepted. Plaintiff introduced the note upon which the warrant was based. It was dated March 21, 1892, signed by W. J. Thompson, made payable to J. P. Thompson, due October 15, 1892, was for rent of land "on the Burch place," and upon it was an indorsement of transfer for value to the Commercial Guano Company, March 21, 1892, signed by J. P. Thompson.

The testimony for the defendant was: T. J. Orr, then and now agent for the Commercial Guano Company, took the note knowing that W. J. Thompson was a sub-tenant of his father, J. P. Thompson, who rented the place from Dr. Cheatham. In the fall when the note fell due, W. J. Thompson carried the cotton to Orr (or told Orr he had the cotton to pay it), and told Orr he wanted his note. Orr refused to take the cotton and give up the note, because Dr. Cheatham was there ready to levy on it for his rent, and Orr knew he could not hold it against Cheatham. Defendant could not get his note and so (according to his evidence) turned over the cotton to his father in Orr's presence, and he sold it to Orr and got the money and paid it to Cheatham, or Orr paid it to Cheatham. Orr got the cotton and knew all the time that it was defendant's rent cotton. According to Orr's testimony, defendant turned the cotton over to Cheatham in payment of his father's rent, and Orr bought the cotton from Cheatham and paid him for it as a cotton buyer, telling defendant he would hold defendant responsible on the note. Defendant testified that Orr insisted on his giving the rent note to his father who owed Orr, and that Orr got the note from defendant's father.

PHILLIPS & PHILLIPS, for plaintiff in error.

HARRIS & RAWLINGS, by brief, *contra.*