### 6268. SOUTH GEORGIA RAILWAY CO. *v.* SOUTH GEORGIA GROCERY CO.

WADE, J. 1. An action by a railway company for the purchase-price of 23 mileage books, for both intrastate and interstate transportation over its line, sold to the defendant and charged to its account from time to time during several successive years, is barred by the statute of limitations when not brought within 4 years after the accrual of the right of action. Civil Code, §§ 4362, 4368. Such a claim is not a statutory liability, enforceable, under the provisions of section 4360, at any time within 20 years after the accrual of the right of action. "A statutory liability is one that depends for its existence and creation upon the special enactment of a statute, and not upon the contract of the parties." *Pare* v. *Mahone*, 32 *Ga.* 253, 255. See also *Peavy* v. *Turner*, 107 *Ga.* 401 (33 S. E. 409); *Bigby* v. *Douglas*, 123 *Ga.* 636, 638 (51 S. E. 606); *Wimbush* v. *Curry*, 8 *Ga. App.* 223 (68 S. E. 951).

(a) In this case the liability was created by contract between the parties, and did not arise merely by virtue of a statute. Without an express contract, or purchase creating an implied obligation to pay, there could have been no liability under any existing statute.

2. No limitation of time for bringing actions based on the interstate commerce act is prescribed by that act; and the statute of limitations of the particular State in which the action is brought must apply and control under the act of Congress of September 24, 1789, c. 20, § 34 (Rev. Stat. U. S. § 721, U. S. Comp. Stat. 1913, § 1538); Judson on Interstate Commerce (2d. ed.), 416, § 323; Michigan Insurance Bank *v.* Eldred, 130 U. S. 693 (9 Sup. Ct. 690, 32 L. ed. 1080). See also Rattican *v.* Terminal Railroad Association, 114 Fed. 666 (1902), where the precise point is decided; Copp *v.* Louisville & Nashville R. Co., 50 Fed. 164 (1891); Murray *v.* Railroad Co., 92 Fed. 868 (35 C. C. A. 62).

3. The account sued upon showed on its face that the last item appearing thereon, to wit, one mileage book, was sold to the defendant on

April 13, 1910, and suit was instituted in the year 1914. The trial court therefore did not err in sustaining the demurrer interposed thereto on the ground that the claim was barred by the statute of limitations.                                    · *Judgment affirmed.*

DECIDED NOVEMBER 19, 1915.

Complaint; from city court of Quitman—Judge Long. December 15, 1914.

*Branch & Snow,* for plaintiff.

*Bennet & Harrell,* for defendant.