## JOHN A. ROEBLING'S SONS COMPANY *v.* SOUTHERN POWER COMPANY.

1. When the remittitur containing the judgment of this court on the former writ of error was filed in the court below, the case did not stand dismissed, but remained in court until some further order was taken; and it was competent, upon timely motion of the plaintiff, to allow an amendment to the petition to meet the grounds of special demurrer which this court had held to be meritorious.
2. The exception to the ruling refusing to vacate the order allowing time to file amendments to the petition, on the ground that the court was without jurisdiction to grant such order after the remittitur was filed, was without merit.
3. It was not error to overrule the ground of general demurrer that the action was barred by the statute of limitations.

AUGUST 22, 1916. REHEARING DENIED SEPTEMBER 23, 1916.

Attachment. Before Judge Pendleton. Fulton superior court. February 3, 1915.

*Noble, Estabrook & McHarg* and *Henry A. Alexander,* for plaintiff in error. *Norman A. Cocke* and *King & Spalding,* contra.

BECK, J. 1. An examination of the statement of facts and the decision appearing in the report of this case when it was here before (142 *Ga.* 464, 83 S. E. 138, 54 L. R. A. (1915B) 900) shows that the judgment of the court below was reversed upon the ground that certain special demurrers should have been sustained; and that it was decided that the petition stated a cause of action good as against a general demurrer. Consequently, when the remittitur from this court was filed in the court below, the case did not stand dismissed, but remained in court until some further order was taken; and it was competent for the court, upon timely motion by the plaintiffs, to allow an amendment to the petition to meet the special demurrers which in this court had been held to be meritorious.

2. The exception to the ruling of the court refusing to vacate the order allowing time to file amendments to the petition, based on the ground that the court was without jurisdiction to grant such an order after the remittitur from the Supreme Court was filed, was without merit.

3. The contract sued upon in this case was one for the sale of a certain quantity of wire for electrical transmission, upon terms stipulated in the contract. In the decision in the case when it was here before it was held that, taken as a whole, the suit was

for the breach of an implied warranty, and not one for damages for a tort; and when the case was returned to the court below upon the ruling that certain special demurrers which were overruled should have been sustained, the defendant, after amendments were made to meet the special demurrers, demurred generally to the petition, upon the ground that the action was barred by the statute of limitations, it appearing from the petition that "all the material purchased by the plaintiff from the defendant was delivered to the plaintiff not later than March 1, 1907, that plaintiff's cause of action, if any it had, accrued on said date, March 1, 1907, and that this action was not commenced until more than four years thereafter, to wit, on September 7, 1912." The court did not err in overruling this ground of general demurrer. While the suit was one for a breach of an implied warranty, it was nevertheless a suit upon a simple contract in writing, and the implied warranty, though not appearing on the face of that contract, is a part thereof, being written into the contract by the law itself; and what the law writes into a contract is as much a part of the written contract as if expressed therein. 1 Beach on Mod. Con. § 710; 2 Page on Contracts, § 1117 et seq.; *Bond* v. *Perrin,* 145 *Ga.* 200 (88 S. E. 954). This suit, being upon a contract in writing, was not barred before the lapse of six years from the time the cause of action arose. Civil Code, § 4361.

      *Judgment affirmed. All the Justices concur, except*

    LUMPKIN, J., dissenting. I am unable to concur in the ruling made in the third part of the opinion of the court. When the same case was formerly before this court on exceptions to the ruling upon a demurrer, it was held that "The action as brought was not duplicitous, but was one based upon a breach of an implied warranty." 142 *Ga.* 464 (4). That ruling is the settled law of this case. If, then, the suit is based upon an implied warranty of quality, what is the statute of limitations applicable to it? Is it the statute barring in four years, as on an implied contract, or in six years, as on a written contract? By the Civil Code (1910), § 4362, it is declared: "All actions upon open account, or for the breach of any contract not under the hand of the party sought to be charged, or upon any implied assumpsit or undertaking, shall be brought within four years after the right of action accrues." In *Beach* v. *Branch,* 57 *Ga.* 362 (2), 366, it

was held that the four-years statute applied to an action for a breach of implied warranty in the sale of cotton. The specific complaint, however, was that the cotton was "false packed," apparently a latent defect arising from fraud; and it was said by Warner, C. J.: "If the relation of vendor and vendee existed between the parties as to the sale of the cotton, then there was an implied warranty on the part of the defendants that the cotton was a merchantable article, and that they knew of no latent defects in it at the time of the sale, undisclosed; and an action for a breach of that implied warranty on the part of the defendant should have been brought by the plaintiffs against them within four years from the time it was discovered the cotton was false packed, or the plaintiffs' right of action would have been barred." The time when the action would begin to run was not discussed further than in this passing manner. Without stopping to consider the time from which the statute would begin to run in case of such a latent defect, whether from the receiving of the goods, or from the discovery of the "false packing," this decision clearly declares that the four-years period is the one applicable to a suit for a breach of an implied warranty of quality in the sale of personal property. See, in this connection, Wood on Lim. (4th ed.) §§ 117, 119 b (7), 144 a, 274, 276 c (1); *Persons* v. *Jones,* 12 *Ga.* 371 (58 Am. D. 476). In the present case the decision of the majority does not rest on the question of when the statute of limitations began to run, but upon the statutory period which is applicable.

The third paragraph of the majority opinion in this case contains the following: "While the suit was one for the breach of an implied warranty, it was nevertheless a suit upon a simple contract in writing, and the implied warranty, though not appearing on the face of that contract, is a part thereof, being written into the contract by the law itself; and what the law writes into a contract is as much a part of the written contract as if expressed therein. 1 Beach on Mod. Con. § 710; 2 Page on Contracts, § 1117 et seq.; *Bond & Maxwell* v. *Perrin,* 145 *Ga.* 200 (88 S. E. 954). This suit, being upon a contract in writing, was not barred before the lapse of six years from the time the cause of action arose." An implied warranty is one which the law implies as collateral to and arising out of an express contract for the sale of personal property,

touching the title or quality of the property sold, at the time of the sale.   Warranties in the sale of personal property are either express or implied, the former being stated by the parties in explicit language, or in such terms as are construed as having that purport; the latter being implied by law from the transaction, not dependent upon the intention of the parties to make a warranty, but an obligation implied by the law itself.   Now there can be no implied warranty of personalty except upon a sale of personal property; and there can be no sale of personal property except by means of a contract of sale, executory or executed.   Implied warranty arises only in the absence of express warranty covering the same subject or circumstances excluding the implication of the law.   If, whenever there is a contract of sale in which nothing is said as to the quality of the goods sold, an implied warranty arises by operation of law, and by reason of that very fact it becomes written into the contract just as if the parties themselves had written it, then in effect it becomes an express warranty, with all the incidents appertaining thereto.   This seems to me to confuse things which are distinct.   This character of warranty is implied because it is not expressed or excluded.   Is it possible that the instant it is implied, because there is no express warranty on the subject, it thereupon becomes, in effect, an express warranty?   The reasoning of the majority of the court seems to lead to this:   Express and implied warranties are not the same.   One arises from the agreement of the parties; the other is created by law, and is not dependent upon the intention of the parties for it to arise.   Nevertheless such a warranty, which the law creates only when there is no express warranty on the subject, immediately takes its place as a written term of the contract.

It arose as an implied warranty, and not as an express term of the contract.   By some species of legal transmutation is it now no longer what it was, but has it become a written contract?   Is the time in which a suit for a breach of an implied warranty, which arises collaterally from the fact of a sale, to vary according to whether the sale is evidenced by parol, or by writing not under seal, or by writing under seal?

In Hoe *v.* Sanborn, 21 N. Y. 552 (78 Am. D. 163), Selden, J., discussed at length the origin of the action for a breach of implied warranty in the sale of personalty, and in the course of the

opinion said: "Implied warranties do not rest upon any supposed agreement in fact. They are obligations which the law raises upon principles foreign to the actual contract—principles which are strictly analogous to those upon which vendors are held liable for fraud." After referring to warranties inferred as matter of fact from the conduct of the parties (such as from a sale by sample), he added: "In view of the principle settled by these cases, it is equally clear that warranties of this sort are not strictly implied warranties. They are to be made out as a matter of fact, or they do not exist at all. To infer an actual warranty from the circumstances proved is one thing; to impute a warranty, without proof, is another and different thing; and unless we distinguish between the two, we unavoidably get into confusion." In Hooven & Allison Co. v. Wirtz, 15 N. D. 477 (107 N. W. 1078, 1080), it was held that a written contract for the sale of binder-twine for use on harvesters, which in terms contained no warranty of quality, but included a provision that no agreement, condition, or stipulation, verbal or otherwise, not contained in the written contract, would be recognized unless approved by the vendor in writing, excluded oral warranties of qualities made by the vendor's agent at the time of the sale, and not thus approved, but did not exclude the warranties which the law raised upon the making of such sales, the latter warranties resting not upon the contract of the parties, but arising solely by operation of law.

Implied warranty of quality in sales of personalty was not originally a common-law doctrine. The maxim caveat emptor was generally applied. The rule of the civil law was different. At first actions for breach of warranty of quality in the sale of personalty were based upon the idea of deception on the part of the seller, who had actual or presumptive knowledge of the defect. Later the action took the form of assumpsit. When the Code of this State was formulated and adopted, the rule was thus codified: "If there is no express covenant of warranty, the purchaser must exercise caution in detecting defects; the seller, however, in all cases (unless expressly or from the nature of the transaction excepted) warrants—1. That he has a valid title and right to sell. 2. That the article sold is merchantable, and reasonably suited to the use intended. 3. That he knows of no latent defects undisclosed." Civil Code (1910), § 4135. When this case was

formerly before this court (142 *Ga.* 464, supra) the opinion discussed at some length when the implied warranty of the law as to quality or suitableness was excluded by express warranties. I need not repeat what was there said, save to quote the following: "We are not contending that terms can be added to a written contract by parol testimony; but that where the parties make a written contract, the law may make certain implications in regard to the subject-matter, and that one of the things which it implies in a sale of personalty is a warranty of certain things; unless that warranty is excluded by reason of the terms of the contract itself or by reason of the nature of the transaction. This is an implication which the law itself imposes, except under the circumstances mentioned; and it is an entirely different matter from endeavoring to superadd to a written contract parol agreements."

I think that my brethren are overlooking the distinction between inferences or implications as to what the parties intended to include in the contract, or its legal meaning, or the intendments which will be made by the law from the use of certain terms, and the added implied warranty which imposes an obligation of law unless excluded by the parties, or, as some authorities describe the two classes of contracts, those which are inferred as matter of fact, and quasi contracts which the law creates. 2 Elliott on Contracts, § 1358, p. 596. It is true that the implied warranty of goods sold has sometimes been referred to as a term of the contract. I do not think that this means that the implied warranty of the law becomes an express written warranty of the parties. Indeed, where an express warranty is alleged, proof of an implied warranty will not sustain the allegation, so distinct are they. See *United Motor Atlanta Co.* v. *Paxson,* 14 *Ga. App.* 172 (80 S. E. 704).

I venture to give a final illustration of the error into which it seems to me that brethren are in danger of drifting. Suppose that two persons enter into a contract under seal for the sale by one and purchase by the other of corn, which contains no express warranty; and that immediately after delivery the corn is discovered to be unmerchantable. If the suit were based upon a breach of the terms of the specialty, the period of limitation would be twenty years. If it were based upon an implied contract, the period would be four years. This distinction is recognized in 1

Wood on Lim. (4th ed.) § 35 where it is said: "And this distinction, to wit, between an action founded upon and created by a specialty, and one which, although an incident of a specialty, yet rests upon an express or implied promise, is necessary to be observed, as in the former instance the statute does not apply, while in the latter it does." See also Ware *v.* McCormack, 96 Ky. 139 (28 S. W. 157, 959, 960).

The authorities cited by the majority of the court, when carefully considered, do not, I think, sustain the position taken by them. The expression that the law is written into every contract is misleading unless properly applied. In 1 Beach on Modern Law of Contracts, § 710, it is said: "What is implied in a contract is as much a part of it as what is expressed. The writing must be understood as containing all that may be fairly implied from the language used. There are very few contracts which contain all of the intentions of the parties. There are implied conditions along with which the express terms must be read in order to obtain the real meaning of the parties. If there is a contract for the sale of goods, and no time is provided for delivery, the law adds that delivery must be made within a reasonable time; whatever consequent and incident is in common sense appurtenant to its terms the parties must have understood and intended should be attached. Although necessary implication is as much a part of an instrument as if that which is so implied was plainly expressed, yet omissions or defects in written instruments can not be supplied by virtue of that rule, unless the implication results from the language employed in the instrument, or is indispensable to carry the intention of the parties into effect. The expression of one or more things of a class or kind in a contract is by implication the exclusion of all not expressed." The language and illustrations plainly show that reference was not made to an implied warranty, which the law imposes, not as carrying out the intention of the parties, or as a result of certain agreements or terms, but as a legal liability independent of intention, unless negatived expressly or from the nature of the transaction. So of 2 Page, Contracts, § 1118. In the preceding section (1117) it is stated broadly that "The law in force when a contract is made is a part of such contract as fully as if its provisions had been incorporated into such contract." Of course a contract is made

subject to the law in force, but this can hardly mean that every law in the State is, in the full sense of the words, a written part of every written contract, with all the incidents arising therefrom. In *Bond* v. *Perrin,* supra, the writer hereof and Mr. Justice Beck dissented. Nor do I think that the ruling there made controls this case.