9051. CINCINNATI, NEW ORLEANS AND TEXAS PACIFIC RAILWAY COMPANY *v.* MALSBY COMPANY.

JENKINS, J. 1. Since no limitation of time for the bringing of actions by carriers for the collection of freight charges in interstate shipments is prescribed by act of Congress, the statute of limitations of the particular State must govern and control in such cases (*South Georgia Railway Co.* v. *South Georgia Grocery Co.,* 17 *Ga. App.* 349, 86 S. E. 939); and since liability of the shipper or the consignee for such charges arises by virtue of an expressed or implied promise to pay, and not merely by operation of law, the law of this State governing the limitation of actions under statutory rights (Civil Code of 1910, § 4360) is not applicable.

2. While a bill of lading issued by a common carrier is a "contract in writing" within the meaning of section 4361 of the Civil Code (1910), and as such is binding not only upon the carrier and the shipper, but upon the consignee as well, when the latter ratifies its provisions by taking possession of the goods shipped thereunder (*Seaboard Air-Line Railway* v. *Luke,* 19 *Ga. App.* 100, 90 S. E. 1041), still, where an action by a carrier against a consignee for freight, storage, and demurrage is shown to have been commenced more than four years after the refusal of the shipment by the consignee, the suit is barred under the provisions of section 4362 of the Civil Code. See *Central of Georgia Ry. Co.* v. *Eatonton Lumber Co.,* 14 *Ga. App.* 302 (2) (80 S. E. 725).

3. Upon the consignee's refusal of a shipment it becomes the duty of the carrier to notify the shipper as to the refusal, and to hold the goods subject to the shipper's order. *American Sugar Co.* v. *McGhee,* 96 *Ga.* 27 (21 S. E. 383). The mere fact that the consignee, on rejecting the shipment, may have given verbal directions for their return to the consignor would not alter the rule, or amount to a ratification by the consignee of the terms of the bill of lading under which the rejected goods were moved.

*Judgment affirmed. Adhered to on rehearing. Wade, C. J., and Luke, J., concur.*

DECIDED JULY 10, 1918. ON REHEARING, SEPTEMBER 17, 1918.

Certiorari; from Fulton superior court—Judge Pendleton. June 6, 1917.

*McDaniel & Black, Charles Clark,* for plaintiff.

*A. M. Brand,* for defendant.