15105.   AVERETT *et al.*, executors, *v.* SEABOARD AIR-LINE RAILWAY CO.

Since a bill of lading signed by each of the parties to the shipment is expressly made the basis of the action against the carrier, and since such an instrument is a simple contract in writing, within the meaning of the provision of the code that "all actions upon promissory notes, bills of exchange, or other simple contracts in writing shall be brought within six years after the same become due and payable" (Civil Code of 1910, § 4361), it was error to dismiss the petition on the theory that the suit was barred because not brought in four years after the right of action accrued.

DECIDED APRIL 19, 1924.

Action for damages; from Stewart superior court—Judge Littlejohn.   September 29, 1923.

Certiorari was granted by the Supreme Court.

*Strozier & Deaver,* for plaintiffs.

*W. W. Dykes, G. Y. Harrell,* for defendant.

JENKINS, P. J.   This is a suit against a railway company for damages on account of its alleged failure to properly handle a car of peaches.   The action is expressly based upon the contract of shipment as evidenced by the bill of lading as signed by both the shipper and the carrier..   The suit was brought more than four years from the date of the alleged injury, but within six years from the date of the contract of shipment.   The petition was dismissed on general demurrer, as showing on its face that it was barred by the statute.   This presents the only question for determination.

"A bill of lading issued by a common carrier is a 'contract in writing' within the meaning of section 4361 of the Civil Code, which provides that 'all actions upon promissory notes, bills of exchange, or other simple contracts in writing shall be brought within six years after the same become due and payable.'"   *Seaboard Air-Line Ry.* v. *Luke,* 19 *Ga. App.* 100 (90 S. E. 1041). It is not considered that the ruling just quoted is in conflict with the ruling of this court in *Cincinnali, New Orleans & Texas Pacific Ry. Co.* v. *Malsby Co.,* 22 *Ga. App.* 595 (96 S. E. 710), although counsel for the plaintiffs in error so concede in their briefs.   The ruling in the *Malsby* case was as follows:   "While a bill of lading issued by a common carrier is a 'contract in writing' within the meaning of section 4361 of the Civil Code (1910), and

as such is binding not only upon the carrier and the shipper, but upon the consignee as well, when the latter ratifies its provisions by taking possession of the goods shipped thereunder (*Seaboard Air-Line Ry.* v. *Luke,* 19 *Ga. App.* 100, 90 S. E. 1041), still, where an action by a carrier against a consignee for freight, storage, and demurrage is shown to have been commenced more than four years after the refusal of the shipment by the consignee, the suit is barred under the provisions of section 4362 of the Civil Code." In the *Malsby* case, it thus appears, the suit was not against a party to the bill of lading at all, but against the consignee, who had refused to accept the goods. The suit in that case, therefore, could not upon any theory have been predicated upon the bill of lading, and accordingly the period of limitation was necessarily limited to four years. The ruling in the instant case is in accord with the decisions of the Supreme Court in numerous cases where it has been expressly recognized that, where the contract forming the basis of the action is in writing, the provisions of code-section 4361, providing that "all actions upon promissory notes, bills of exchange, or other simple contracts in writing shall be brought within six years after the same become due and payable," are applicable. Nor, under these decisions, does it matter whether the contract in writing fixed the amount of liability or not. See *Roebling* v. *Southern Power Co.,* 145 *Ga.* 761, 762 (89 S. E. 1075); *Atlanta, Knoxville &c. Ry. Co.* v. *McKinney,* 124 *Ga.* 929, 930 (53 S. E. 701, 6 L. R. A. (N. S.) 436, 110 Am. St. Rep. 215); *Raleigh R. Co.* v. *Pullman Co.,* 122 *Ga.* 700 (50 S. E. 1008); *Hill* v. *Hackett,* 80 *Ga.* 53, 54 (4 S. E. 856). In *Southern Express Co.* v. *Sinclair,* 135 *Ga.* 155 (68 S. E. 1113), while the suit sounds on contract, it could not have been predicated on the bill of lading or receipt, unsigned by the shipper, but was based only upon the contractual obligation of the defendant as a common carrier as implied by law, since the record in that case shows that the petition expressly repudiates the bill of lading as the contract of shipment in the following averment: that the shipper "when she received, as aforesaid, the express receipt marked 'Exhibit A,' took this receipt merely as a receipt from the Southern Express Company that the aforesaid trunk had been delivered to them; that she did not know, nor was she apprised of, the stipulations limiting the liability of the Southern Express Company contained in said

receipt; nor was she ever advised of the limitations of liability in the express receipt until some time subsequent to the shipment; nor did she herself ever consent to the limitations of liability, either in writing or by parol contract." The record in that case discloses also that the plaintiff caused a special plea of the defendant to be stricken on demurrer, on the theory thus maintained by him that the "action is a suit based on defendant's liability as a common carrier."

In the instant case, since the bill of lading as signed by each of the parties to the shipment is expressly made the basis of the action, and since such an instrument is a simple contract in writing within the meaning of section 4361 of the Civil Code (1910), it was error to dismiss the petition on the theory that the suit was barred by the statute.

*Judgment reversed. Stephens and Bell, JJ., concur.*