## 1146

NATIONAL HILLS SHOPPING CEN-
TER, INC., Plaintiff,

v.

The INSURANCE COMPANY OF NORTH
AMERICA, Defendant and Third-
Party Plaintiff,

v.

The CECO CORPORATION, Third-
Party Defendant.

J. Hal STOCKTON and William Ed Clark,
d/b/a J. C. Stockton & Son, Third-Par-
ty Defendants and Fourth-Party Plain-
tiffs,

v.

Howell C. JONES, Jr., Stanford Wood-
hurst, Jr., Gilbert O'Brien and J. M.
Conway d/b/a Conway Steel Construc-
tion Company, Fourth-Party Defend-
ants.

Stanford WOODHURST, Jr. and Gilbert
O'Brien, Fifth-Party Plaintiffs,

v.

James C. SMITH, Fifth-Party Defendant.

Civ. A. No. 1438.

United States District Court,
S. D. Georgia,
Augusta Division.

Dec. 30, 1970.

William C. Reed, Augusta, Ga., for In-
surance Co. of North America.

John D. Capers, Augusta, Ga., for The
Ceco Corp.

W. Barry Williams, Augusta, Ga., for
J. C. Stockton & Son.

## ORDER

LAWRENCE, Chief Judge.

I earlier dealt with certain procedural
aspects of this action. See National
Hills Shopping Center, Inc. v. Insurance
Company of North America, et al., D. C.,
308 F.Supp. 248. The case is now be-
fore me on motions for summary judg-
ment by Ceco, the fabricator of the al-
legedly defective bar joists, and by
Stockton & Son, the general contractor.

In my order denying the motion to
dismiss the third party proceeding I as-
sumed that a right of action by a subro-
gated windstorm insurer exists where
there is breach of a construction con-

tract by the general contractor and where the fabricator supplies defective materials. I ruled that a recovery by National Hills on the windstorm policy would not, as a matter of law, preclude an action over by the insurer against parties whose breach of warranty and contract allegedly caused the collapse of the roof. I thought that the causation issue in the suit on the insurance policy and the causation issue in the third party action possessed qualitative differences.

Ceco now seeks summary judgment on the ground that any right of action for the breach of the contract is barred by the six year statute of limitations. Stockton has also raised the bar of the statute of limitations.

The construction contract between National Hills and Stockton was dated May 21, 1962 and the job was commenced that year. The building was completed and accepted by the owner before December 1st of the same year. The collapse of the roof occurred on July 9, 1968. The third party proceeding was filed by the insurer on December 30, 1968, more than six years after the completion of the building and acceptance of it by the owner.

Under Georgia law, actions on simple contracts in writing must be brought within six years. Ga.Code § 3–705. Actions on implied contracts must be filed within four years. Ga.Code § 3–706. The construction contract was not an instrument under seal since the body of it did not recite that fact. The period for bringing suit for breach of a specialty is twenty years. Ga.Code § 3–703. Under a 1968 statute the period for filing suits growing out of defects in design, planning or construction of improvement to real property is eight years after the substantial completion thereof. Ga. Code, Supp. § 3–1006. However, the Act does not appear to be retroactive and it expressly states:

"Nothing in this Act [§§ 3–1006 through 3–1011] shall extend the period of limitations prescribed by the law of this State for the bringing of any action or postpone the time as of which a cause of action accrues."

Before discussing the limitations issue I will observe that insofar as the third party action against Ceco or Stockton is based upon the theory of implied warranty as to quality of materials furnished or as to workmanship it is extremely doubtful that any cause of action exists. In the case of the sale of an existing new house it has been held by the Georgia Court of Appeals that no implied warranty on the part of the vendor exists and that in the absence of express warranty as to quality or condition a suit by the vendee must fail. Walton v. Petty, 107 Ga.App. 753, 131 S.E.2d 655; Reynolds et al. v. Wilson, 121 Ga.App. 153, 173 S.E.2d 256.

■ Under Georgia law, the statute of limitations runs from the time the contract is broken "and not at the time the actual damage results or is ascertained." Mobley v. Murray County, 178 Ga. 388, 173 S.E. 680; Gould v. Palmer and Reed, 96 Ga. 798, 22 S.E. 583; Houser v. Farmers Supply Company, 6 Ga.App. 102, 64 S.E. 293. In Wellston Company v. Sam N. Hodges, Jr. & Company, 114 Ga.App. 424, 151 S.E.2d 481 the Court of Appeals said:

"The alleged negligent design and construction of the building in and of itself constituted a legal injury to the plaintiff, however slight the actual damages may have been at the time; this is true, notwithstanding the fact that the plaintiff had no knowledge of such wrongs having been committed until the roof collapsed some four years later. Mere ignorance of the facts constituting a cause of action does not prevent the running of the statute of limitation."

The Court went on to say:

"A right of action has its inception from the time that there has been a breach of duty; and this would entitle the party to file a suit for the breach, without regard to whether any actual damage had in fact resulted. Clearly,

it cannot be seriously contended that if the plaintiff had discovered the negligence of the defendant at the time it was committed, it would have had no right of action against them simply because the building had not at that time fallen down."

In Hunt v. Star Photo Finishing Company, 115 Ga.App. 1, 153 S.E.2d 602 which involved a collapsed roof the same Court recognized the rule stated in *Wellston* but distinguished that holding because there the owner of a building was involved while in *Hunt* the plaintiff was a tenant who was a stranger to the premises until six years after completion of the building. It was ruled that the designing engineer was liable to the tenant where the design was inherently or intrinsically dangerous to third persons.

■■ The present case is quite different. Here we have no third party. We have the owner of a new building whose insurer-subrogee[1] contends that the general contractor and a steel fabricator are liable in not following the specifications and in supplying defective joists. The third party complaint alleges that National Hills contracted with Stockton & Son for the construction of the shopping center and that the latter contracted with Ceco to supply prefabricated joists to be used in the frame of the roof system. It is averred that the roofing joists furnished by Ceco were not in accordance with the plans and specifications and were not of the size and strength specified and that in breach of its contract the general contractor installed the defective joists.

I think that the statute of limitations runs from the date of the breach and not from the time of collapse of the roof.

Counsel for Insurance Company of North America rely on Beach & Company v. Branch, Sons & Company, 57 Ga. 362. In that case the purchaser of ten bales of cotton sued the seller on the ground that they were falsely packed. The Supreme Court of Georgia held that an action based on implied warranty against the seller for defective quality of the article sold must be brought within four years of the discovery of the defect. This decision was discussed in Roebling's Sons Company v. Southern Power Company, 145 Ga. 761, 89 S.E. 1075 where Judge Lumpkin pointed out that in *Beach* an element of fraud was involved and that the statement in it as to the statute running from the time of discovery that the cotton was falsely packed "was not discussed further than in this *passing manner.*" (Italics supplied).

Under these circumstances *Beach* is not very convincing authority. The third party action against Stockton and Ceco is not based on fraud or deceit. It is bottomed on breach of a written contract and implied warranty. In such cases, the time of the breach, not the time of discovery of the breach, is what counts. The Georgia rule in respect to the statute of limitations in cases such as this accords with general law. See 13 Am.Jur.2d Building and Construction Contracts § 114, p. 107.

I hold that the third party action by the insurer against Ceco and Stockton is barred by the statute of limitations. The motions for summary judgment by the third party defendants are granted. The third party action is dismissed. This necessarily results in the dismissal of the cross-action by Stockton against Ceco. I previously granted summary judgment in favor of the architects who were brought in by Stockton as fourth party defendants. The fourth party complaint was never served on Conway. The fifth party action against James C. Smith was dismissed by consent of the parties on May 7, 1970.

Thus, after two years and after pleadings and depositions which have fallen

---

1. An insurer obtaining rights of the insured through subrogation is subject to the same statute of limitations as is the insured. Pacific Employers Insurance Company v. Hartford Accident and Indemnity Company, 228 F.2d 365 (9th Cir.).

as "Thick as autumnal leaves that strow the brooks in Vallombrosa" we are precisely back where we started. The house of cards represented by third party proceedings and the cross-claims has crumbled like the roof of the shopping center. We have a suit on a windstorm insurance policy—that and nothing more. The case is assigned for trial during the week of February 1st.